**NATIONAL MINES CORPORATION, Appellant,**

v.

**Vertis PITTS; Larry D. Beale, Director of Special Fund; Walter A. Turner, Administrative Law Judge; and Workers' Compensation Board, Appellees.**

No. 90-SC-909-WC.

Supreme Court of Kentucky.

April 11, 1991.

David H. Neeley, Francis, Kazee & Francis, Prestonsburg, for appellant.

W.W. Burchett, Prestonsburg, for appellee Pitts.

Cathy Utley Costelle, Labor Cabinet, Louisville, for appellee Beale.

OPINION OF THE COURT

Appellant, National Mines Corporation (National), appeals the decision of the Administrative Law Judge (ALJ), which held National liable for the payment of retraining incentive benefits (RIB) to appellee, Vertis Pitts, as authorized by KRS 342.-732(1)(a). National asserts that, even though the claim was filed against it and medical proof was taken before Pitts was employed by another mining company, KRS 342.316(10)(c) imposes liability on the new employer because at his mine Pitts subsequently was exposed to coal dust.

As enacted in 1987, KRS 342.732(1)(a) was designed to benefit employees who suffer from category one pneumoconiosis with no respiratory impairment by giving them a one time only RIB benefit aimed at encouraging them to obtain employment outside the mining industry. The language of the statute recognizes, however, that some will continue to work in the industry and does not penalize them if they continue to do so. In fact, KRS 342.197 was amend-

ed in 1987 specifically to prohibit employment discrimination against workers with category one pneumoconiosis and no respiratory impairment. KRS 342.197(2)(a). An employer who refuses to hire such a worker because of his condition may be enjoined and is liable for damages, costs, and attorney fees. KRS 342.197(3). As a result, if we interpret KRS 342.316(10)(c) as urged by appellant, potential employers would be placed in a "catch-22" situation. They would be penalized if they discriminated against a worker such as Pitts or, if they hired such a worker, they would be forced to pay RIB benefits for a claim which had been established before the employment but merely was awaiting adjudication. The employer such as National, in whose employment the claim arose, would escape liability.

An employer's liability for an occupational disease claim is premised on the fact that the disease suffered by the worker, at least to some degree, arose "out of and in the course of" his employment with that employer. KRS 342.0011(2). As stated in KRS 342.0011(3), there must be a causal connection between the employment and the occupational disease. Where the category 1 disease was present, medical proof was taken, and the claim filed before Pitts was employed by another mine, there could be no causal connection between the disease that was the subject of the claim and that latter employment. Therefore, on the facts of this case, KRS 342.316(10)(c) cannot properly be read to relieve National of liability by shifting it to an employer with no connection whatever to the claim.

The decision of the Court of Appeals to affirm the Workers' Compensation Board and the ALJ is affirmed.

STEPHENS, C.J., and LAMBERT, LEIBSON, SPAIN and WINTERSHEIMER, JJ., concur.

COMBS, J., dissents by separate opinion.

REYNOLDS, J., not sitting.

COMBS, Justice, dissenting.

I respectfully dissent and would reverse. It is true appellee Pitts knew he was suffering from the disease of pneumoconiosis while employed by appellant. It is also true that he was obviously able to perform the duties of a coal miner when he went to work for his last employer. It was stipulated that appellee Pitts was exposed to the hazards of the disease of pneumoconiosis while with his last employer. Exposure and disability are the essential factors in imposing liability, including liability for retraining incentive benefits.