Lee Roy SMITH, Appellant,

v.

LEECO, INC.; Vicki G. Newberg, Acting Director of Special Fund; and Workers' Compensation Board, Appellees.

No. 94–SC–563–WC.

Supreme Court of Kentucky.

Feb. 16, 1995.

Rehearing Denied June 8, 1995.

James D. Holliday, Barry Lewis, Holliday & Lewis, Hazard, for appellant.

Timothy Joe Walker, Reece & Lang, P.S.C., London, for appellee Leeco, Inc.

David Randall Allen, Labor Cabinet—Sp. Fund, Louisville, for appellee Newberg.

OPINION OF THE COURT

There is a novel issue in this case regarding whether a coal worker who is still employed as a miner can collect benefits for total disability pursuant to KRS 342.732(1)(d). The Administrative Law Judge (ALJ), Workers' Compensation Board (Board), and Court of Appeals concluded that under the present system, benefits awarded pursuant to KRS 342.732(1)(d) were not authorized to be paid to working miners. We affirm.

Claimant has worked in the mining industry for 23 years for multiple employers. During his last employment with Leeco Mining, Inc., claimant was diagnosed as suffering from coal workers' pneumoconiosis.

The ALJ concluded from expert interpretations of claimant's chest x-rays that he suffered from category 2 (two) pneumoconiosis. Such a conclusion triggers the irrebuttable presumption of total disability contained in KRS 342.732(1)(d) as follows:

(d) If the administrative law judge finds that an employee has occupational pneumoconiosis with a radiographic classification of category 2/1, 2/2, 2/3, 3/2, 3/3 or progressive massive fibrosis, based on the latest ILO International Classification of Radiographics, there shall be an irrebuttable presumption that the employee is total-

ly disabled resulting from exposure to coal dust and the administrative law judge shall award income benefits equal to sixty-six and two-thirds percent (66⅔%) of the employee's average weekly wage but not more than one hundred percent (100%) of the state average weekly wage and not less than twenty percent (20%) of the average weekly wage of the state as determined by KRS 342.740. Income benefits awarded under this paragraph shall be payable to the employee during such disability.

The medical evidence showed that claimant suffered from no pulmonary impairment, and in fact, claimant continued to be employed in the coal industry. For this reason, the ALJ dismissed the claim.

The only section of KRS 342.732 authorizing the payment of benefits to working miners is subsection (1)(a) providing for a one-time retraining incentive benefit. While KRS 342.732 separately addresses the occupational disease of pneumoconiosis and the level of benefits to be awarded upon certain proof, KRS 342.316 must still be consulted to determine apportionment and when payment begins. KRS 342.316(1)(b) provides that compensation payments shall commence on the date of the employee's last injurious exposure or the date of actual disability, whichever is later. Claimant is still being injuriously exposed to the hazards of the disease; therefore it would be impossible to begin payments.

■ Furthermore, it must be kept in mind that workers' compensation benefits are to replace lost income. To award total occupational disability benefits, i.e. income benefits, to the worker who is still receiving his or her earnings would constitute double recovery in the truest sense of the term.

Considering the legislation as written and the lack of statutory authority to pay income benefits to a working miner, we affirm the decision of the Court of Appeals on this issue.

■ We do agree with claimant that for so long as he continues to work for the same employer, this award should be held in abeyance rather than dismissed. The decision of the Court of Appeals is therefore reversed on this issue and remanded to the ALJ so that an award can be entered accordingly.

STEPHENS, C.J., and LAMBERT, LEIBSON, SPAIN, STUMBO, and WINTERSHEIMER, JJ., concur.

REYNOLDS, J., would affirm the Court of Appeals on all issues.