RENDERED:  MARCH 18, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-1179-WC

DELTA GLOBAL SERVICES                                                    APPELLANT


v.                    PETITION FOR REVIEW OF A DECISION
                      OF THE WORKERS' COMPENSATION BOARD
                               ACTION NO. WC-14-59017


MICHAEL BLAUROCK;
HONORABLE CHRISTINA D. HAJJAR,
ADMINISTRATIVE LAW JUDGE; AND
WORKERS' COMPENSATION BOARD                                              APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  ACREE, McNEILL, AND L. THOMPSON, JUDGES.

THOMPSON, L., JUDGE:  Delta Global Services appeals from an opinion and

order of the Workers' Compensation Board which affirmed an administrative law

judge's (ALJ) decision that Michael Blaurock's work related injury had worsened.

Finding no error, we affirm.

## FACTS AND PROCEDURAL HISTORY

In November of 2014, Mr. Blaurock suffered two injuries to his right knee while working for Delta.  An MRI scan revealed a tear of the medial meniscus cartilage.  In February of 2015, Mr. Blaurock underwent a near total partial meniscectomy of the medial meniscus[1] of his right knee.  Mr. Blaurock continued to work for Delta for about a year after his surgery.  During this time, he still had symptoms of the injury, such as knee swelling, limping, and pain.  Delta attempted to put him on different duties in order to accommodate his injuries, but, ultimately, Mr. Blaurock could not continue to work for Delta and retired.  Mr. Blaurock filed a compensation claim against Delta.  An ALJ awarded him benefits based on a finding of 2% impairment rating to his right knee.  This award was affirmed by the Board.

Sometime between late 2016 and early 2017, Mr. Blaurock began working at Home Depot.  Mr. Blaurock worked part-time at Home Depot stocking shelves.

On October 21, 2019, Mr. Blaurock filed a motion to reopen his claim.  Mr. Blaurock alleged that the condition in his right knee had gotten worse and he was unable to work.  Medical proof was elicited from two orthopedic experts:  Dr. Daniel Primm and Dr. Frank Burke.  Both experts agreed that Mr.

---

[1] The medial meniscus is a cartilage band that spans a knee joint.

Blaurock's condition had worsened since his 2014 injuries. They both also agreed that he now qualified for a 10% whole person impairment rating. They disagreed, however, as to how to apportion the increased impairment. Dr. Primm believed some of the increased impairment was due to the natural aging process and Mr. Blaurock's work at Home Depot. Dr. Burke opined that the entire increase was due to a worsening of the original injuries.[2]

On May 2, 2021, ALJ Hajjar entered an opinion and order awarding Mr. Blaurock increased benefits based on Dr. Burke's 10% impairment rating. Delta appealed to the Board, but the Board affirmed. This appeal followed.

## ANALYSIS

We will begin our analysis by setting forth the applicable standard of review. "The function of further review of the [Board] in the Court of Appeals is to correct the Board only where the Court perceives the Board has overlooked or misconstrued controlling statutes or precedent, or committed an error in assessing the evidence so flagrant as to cause gross injustice." *Western Baptist Hosp. v. Kelly*, 827 S.W.2d 685, 687-88 (Ky. 1992).

> [Kentucky Revised Statutes (KRS)] 342.285 designates the ALJ as the finder of fact. *Paramount Foods, Inc. v. Burkhardt*, 695 S.W.2d 418 (Ky. 1985), explains that the fact-finder has the sole authority to judge the weight, credibility, substance, and inferences to be drawn from the evidence. *Special Fund v. Francis*,

---

[2] Dr. Burke's opinion will be discussed in more detail later in this Opinion.

708 S.W.2d 641, 643 (Ky. 1986), explains that a finding that favors the party with the burden of proof may not be disturbed if it is supported by substantial evidence and, therefore, is reasonable.

*AK Steel Corp. v. Adkins*, 253 S.W.3d 59, 64 (Ky. 2008). "The fact-finder may reject any testimony and believe or disbelieve various parts of the evidence, regardless of whether it comes from the same witness or the same adversary party's total proof." *Magic Coal Co. v. Fox*, 19 S.W.3d 88, 96 (Ky. 2000) (citation omitted). "Substantial evidence means evidence of substance and relevant consequence having the fitness to induce conviction in the minds of reasonable men." *Smyzer v. B. F. Goodrich Chemical Co.*, 474 S.W.2d 367, 369 (Ky. 1971) (citation omitted). "Although a party may note evidence which would have supported a conclusion contrary to the ALJ's decision, such evidence is not an adequate basis for reversal on appeal." *Whittaker v. Rowland*, 998 S.W.2d 479, 482 (Ky. 1999) (citation omitted). "The party seeking to increase an award has the burden of proving that there has been a change of condition resulting from the original compensable injury." *Griffith v. Blair*, 430 S.W.2d 337, 339 (Ky. 1968) (citations omitted).

Delta's argument on appeal is that Mr. Blaurock's condition worsened as a result of his working at Home Depot. Delta claims that this constitutes a cumulative injury and Home Depot should be liable for a portion of Mr. Blaurock's disability and be responsible for future medical benefits. Delta is

correct that if Mr. Blaurock's condition was due to cumulative injury, then Home Depot would be liable for some part of the injury and be responsible for all future medical benefits. *Hale v. CDR Operations, Inc.*, 474 S.W.3d 129, 138 (Ky. 2015); *Begley v. Mountain Top, Inc.*, 968 S.W.2d 91, 95 (Ky. 1998); *Derr Const. Co. v. Bennett*, 873 S.W.2d 824, 827–28 (Ky. 1994). Mr. Blaurock argues that there was no cumulative injury, only that his original injury worsened. The ALJ and Board agreed with Mr. Blaurock that he did not sustain a cumulative injury, but that his original injury worsened. Delta argues that this was an erroneous conclusion based on the testimony of Dr. Burke, upon whose medical opinion the ALJ relied.

Dr. Burke's medical evaluation report stated that Mr. Blaurock's injury had worsened, but did not mention Mr. Blaurock's subsequent employment with Home Depot. Delta deposed Dr. Burke in order to get his opinion as to Mr. Blaurock's injury in relation to his employment at Home Depot. During Dr. Burke's testimony, it was revealed he was not aware of Mr. Blaurock's employment at Home Depot. Counsel for Delta described Mr. Blaurock's duties at Home Depot as squatting, climbing ladders, and walking down aisles every day of his employment. Dr. Burke opined that perhaps 2% of Mr. Blaurock's increased injury rating would be attributable to his work at Home Depot.

The ALJ and Board both disregarded this 2% finding. The ALJ concluded that Delta's counsel misled Dr. Burke with its description of Mr.

Blaurock's Home Depot employment activity; therefore, this part of his testimony was not reliable. The ALJ and Board found that Mr. Blaurock testified that he informed Home Depot of his injury when he began working there and that, while he did have to climb ladders at the beginning of his employment, he was quickly given a mechanical lift to use when he had to reach high shelves. He also testified that when he did climb the ladder, he kept his right leg as straight as possible and put most of his weight on his left leg. As for squatting, Mr. Blaurock testified that when he would have to restock lower shelves, he would squat in order to get onto the ground and lay down. Only once in this prone position would he restock the shelves. He also testified that when squatting and standing up, he would keep as much weight as possible off his injured knee. The ALJ believed that with this additional information, Dr. Burke could not reliably conclude that 2% of Mr. Blaurock's injury was attributable to Home Depot.

We believe that the Board did not err in affirming the opinion and order of the ALJ that Delta is the employer responsible for Mr. Blaurock's increased workers' compensation award and medical benefits. It was within the ALJ's province to weigh the evidence and disregard any evidence or testimony she found unreliable. Delta's description of Mr. Blaurock's work activities at Home Depot may or may not have been misleading, but said description could have been more specific and accurate. The authority granted to an ALJ allowed her to ignore

the parts of Dr. Burke's testimony that attributed a 2% increase in injury to Mr. Blaurock's Home Depot employment because of the allegedly skewed description of Mr. Blaurock's job requirements.

Furthermore, while Dr. Burke did say that some of his worsened condition could be attributable to his actions at Home Depot, he was unequivocal and adamant that Mr. Blaurock's original injury was the sole cause of his worsened condition. Dr. Burke testified multiple times that Mr. Blaurock's injury was going to get worse over time no matter what. Dr. Burke testified that even Mr. Blaurock's everyday activities at home would cause his condition to worsen. Dr. Burke testified that he did not believe Mr. Blaurock had a cumulative injury because cumulative injuries only apply to tissue damage and not cartilage damage. Dr. Burke testified that once cartilage is damaged, it will continue to degrade even without further damage to it. Finally, even Dr. Burke testified that Mr. Blaurock's knee injury followed the expected progression of this type of injury.

## CONCLUSION

Based on the foregoing, we affirm the decision of the Board. The Board did not err in affirming the decision of the ALJ. The ALJ's decision was based on the substantial evidence of the testimony of Dr. Burke and Mr. Blaurock. Dr. Burke unequivocally testified that Mr. Blaurock's worsened condition was caused by the progression of his 2014 work related injury.

ALL CONCUR.


BRIEF FOR APPELLANT:                    BRIEF FOR APPELLEE MICHAEL
                                        BLAUROCK:

H. Clay List
Lexington, Kentucky                     Erin C. S. Izzo
                                        Lexington, Kentucky