Daniel HOWELL, Appellant,

v.

SHELCHA COAL COMPANY; Larry D. Beale, Director of Special Fund; Walter H. Turner, Administrative Law Judge; et al., Appellees.

and

SHELCHA COAL COMPANY, Cross–Appellant,

v.

Daniel HOWELL; Larry D. Beale, Director of Special Fund; et al., Cross–Appellees.

No. 91–CA–1327–WC.

Court of Appeals of Kentucky.

July 3, 1992.

Publication Ordered Aug. 21, 1992.

Robert Allen Rowe, Jr., Burchett & Rowe, Prestonsburg, for appellant, cross-appellees.

David H. Neeley, Francis, Kazee & Francis, Prestonsburg, for appellee, cross-appellant.

Mark C. Webster, Labor Cabinet, Special Fund, Louisville, for appellee, Beale.

Benita J. Riley, Phillip Goin Taylor, Turner, Riley & Hall, P.S.C., Prestonsburg, for appellee, Maple Ridge.

Before LESTER, C.J., and EMBERTON and SCHRODER, JJ.

LESTER, Chief Judge.

This is a petition and cross-petition for review of a decision of the Commonwealth of Kentucky Workers' Compensation Board which reversed an opinion and award of an Administrative Law Judge.

Daniel Howell worked as an underground coal miner for some thirteen years. He worked for Maple Ridge Mining Company until December 15, 1987, and was then unemployed for approximately a year and a half. On May 5, 1989, he went to work for Shelcha Coal Company; after working less than two hours, he became unconscious. When he regained consciousness, he informed his foremen that he felt ill and had to leave. He has not returned to work since that time. On May 10, 1989, he was examined by a physician and diagnosed with pneumoconiosis.

Howell filed an application for adjustment of claim on August 25, 1989, with December 1987 as the date of last exposure and Maple Ridge as the last employer. A motion to join Shelcha as a party was granted by the Administrative Law Judge on December 8, 1989. A hearing was held on June 4, 1990, after which Howell was found to be afflicted with coal workers' pneumoconiosis, category I, without pulmonary dysfunction attributable thereto, and was awarded a retraining incentive benefit to be paid exclusively by the last employer, Shelcha Coal Company, pursuant to KRS 342.732(1)(a). Maple Ridge Mining Company was dismissed. Shelcha appealed and the Board reversed the award, on the ground that Shelcha did not receive timely notice as required by KRS 342.316, and ordered the claim dismissed. This appeal follows.

Pursuant to KRS 342.316(2)(a) "notice of claim shall be given to the employer as soon as practicable after the employee first experiences a distinct manifestation of an occupational disease in the form of symptoms reasonably sufficient to apprise him that he has contracted such disease, or a diagnosis of such disease is first communicated to him, whichever shall first occur." Retraining incentive benefits were created as a part of the 1987 revision of the workers' compensation statutes. KRS 342.732(1)(a) provides in part:

If the administrative law judge finds that an employee has a radiographic classification of category 1/0, 1/1, or 1/2, based on the latest ILO International Classification of Radiographics, resulting from exposure to coal dust, which is validated by two (2) x-rays and reports of the x-rays which conform to the standards for x-rays contained in subsection (2) of KRS 342.316, he shall award a one time only retraining incentive benefit....

The notice provisions of KRS 342.316 are to be applied to claims for retraining incentive benefits. It has long been held that disability must exist before notice of a claim for compensation for pneumoconiosis is required to be given; it is not enough that the worker "simply have been advised by a doctor that he has the disease." *Blue Diamond Coal Co. v. Stepp*, Ky., 445 S.W.2d 866, 868 (1969). KRS 342.0011(11) defines disability as "a decrease of wage earning capacity due to injury or loss of ability to compete to obtain the kind of work the employee is customarily able to do, in the area where he lives, taking into consideration his age, occupation, education, effect upon employee's general health of continuing in the kind of work he is customarily able to do, and impairment or disfigurement." In cases of pneumoconiosis disability has been defined as occurring "when circumstances exist from which a workman realizes or reasonably should realize his capacity to perform work is impaired." *Blue Diamond, supra*, at 868. So long as he is able to carry on his duties, though he may suffer while doing so, he is not yet disabled within the meaning of the statute requiring timely notice of disability. *Bethlehem Mines Corp. v. Davis*, Ky., 368 S.W.2d 176 (1963).

The difficulty arises in that KRS 342.732(1)(b) provides:

If the administrative law judge finds that an employee has a radiographic classification of category 1/0, 1/1, or 1/2, based on the latest ILO International Classification of Radiographics, and respiratory impairment resulting from exposure to coal dust as evidenced by spirometric test values of fifty-five percent (55%) or more but less than eighty percent (80%) of the predicted normal values contained in the chapter on the respiratory system of the latest edition available

of the guides to the evaluation of permanent impairment published by the American Medical Association, there shall be an irrebuttable presumption that the employee has an occupational disability rating of seventy-five percent (75%) resulting from exposure to coal dust and the administrative law judge shall award an income benefit....

Thus, a worker awarded a retraining incentive benefit will, in general, not yet be disabled, because if there is any significant respiratory impairment the award will be of an income benefit. This is further recognized by KRS 342.197(2), which makes it an unlawful practice for an employer:

(a) To fail or refuse to hire, or to discharge any individual, or otherwise to discriminate against an individual with respect to his compensation, terms, conditions, or privileges of employment, because such individual has been diagnosed as having category 1/0, 1/1, or 1/2 occupational pneumoconiosis with no respiratory impairment resulting from exposure to coal dust; or

(b) To limit, segregate, or classify his employes in any way which would deprive or tend to deprive an individual of employment opportunities or otherwise adversely affect his status as an employe, because such individual has been diagnosed as having category 1/0, 1/1, or 1/2 occupational pneumoconiosis with no respiratory impairment resulting from exposure to coal dust.

It has been said that in cases of occupational disease such as pneumoconiosis, as opposed to cases of injury, "some of the elements which cause the rigid application of the notice requirement may be lacking...." *Harlan Fuel Co. v. Burkhart*, Ky., 296 S.W.2d 722, 723 (1956). This is especially true in a retraining incentive benefit claim since an employer cannot take any action to change the status of an employee whose diagnosis fits within those parameters. Furthermore, while the provisions of the statute mandate that notice be given, the statute should be liberally construed in favor of the claimant to effectuate the beneficent purposes of the Workers' Compensation Act. *Marc Blackburn*

*Brick Co. v. Yates*, Ky., 424 S.W.2d 814 (1968). Given these guidelines, we see no reason to change the longstanding policy under Kentucky case law that the notice required is in fact notice of disability and therefore need not be given until disability exists.

 Howell attempted to work in May 1989 and was not diagnosed until that month. Based on the statutes and case law set forth above, if he was disabled at all, disability would not be said to have arisen before then. Notice required "as soon as practicable" means within a reasonable time under the particular circumstances and a mere lapse of time is not always a determinative factor. *Peabody Coal Co. v. Harp*, Ky., 351 S.W.2d 170 (1961). KRS 342.200 provides, "Want of notice or delay in giving notice shall not be a bar to proceedings under this chapter if it is shown that the employer, his agent or representative had knowledge of the injury or that the delay or failure to give notice was occasioned by mistake or other reasonable cause." It has been said that "we cannot lay down chronological tables by which we may check the period of time that notice might be conclusively said to be 'as soon as practicable after the employee has knowledge that he has contracted silicosis,' but must look to the facts of each case in order to determine whether the employee performed his duty under the existing circumstances, which include a reasonable cause for delay." *Harlan Fuel, supra*, at 724. The question of proper notice is a question of fact. *Eaton Axle Corp. v. Nally*, Ky., 688 S.W.2d 334 (1985). The appellate standard of review in workers' compensation cases has always been that there be sufficient evidence of probative value to justify the finding of the trier of fact. *Id.* The Administrative Law Judge found "that the notice afforded the defendant-employer, Shelcha Coal Company, was due and timely, and furthermore, if it was not, the 6½ month delay in affording actual notice was excusable." This finding is supported by sufficient evidence in the record. The Board disagreed with the alternative finding that the delay was excusable, but we need not reach that point as we agree with the finding that notice was timely.

The Board correctly cited *Childers v. Hackney's Creek Coal Co.*, Ky., 337 S.W.2d 680 (1960), as holding that

> All that is required under KRS 342.-316(1)(b) is that the exposure be such as could cause the disease independently of any other cause. It will be noted that under neither of the cited subsections is there any minimum *time* requirement for the period of exposure. Accordingly, it is not required that the employee prove he *did* contract silicosis in his last employment, but only that the conditions were such that they could cause the disease over some indefinite period of time. (Emphasis in original).

*Id.* at 683. *See also, Yocom v. Eastern Coal Corp.*, Ky., 523 S.W.2d 882 (1975). The cases cited by Shelcha for the proposition that injurious exposure must be established by way of expert medical testimony deal with occupations other than underground coal miners and substances other than coal dust; there can be no serious dispute to the finding that the type of work which was being performed by Howell at Shelcha could, over time, give rise to coal workers' pneumoconiosis. According to these principles, the Administrative Law Judge correctly determined the employment with Shelcha to have constituted injurious exposure. Therefore, the award of benefits to be paid by them and the dismissal of Maple Ridge were correct. KRS 342.316(10)(c) states that the employer in whose employment the employee was last exposed to the hazard of the disease shall alone be liable for payment of a retraining incentive benefit awarded under KRS 342.-732. This language is clear and unequivocal and neither the Administrative Law Judge nor this Court has the power to apportion or allocate the payment of these benefits in any other manner.

The decision of the Workers' Compensation Board is reversed; the opinion and award of the Administrative Law Judge is reinstated.

All concur.