ENTERED: March 23, 1995.

/s/ Robert F. Stephens

ROBERT F. STEPHENS
Chief Justice

**ARCH OF KENTUCKY, INC., Appellant,**

v.

**James THOMAS; Vicki Newberg, Acting Director of Special Fund; George S. Schuhmann, Administrative Law Judge; and Workers' Compensation Board, Appellees.**

No. 94–SC–641–WC.

Supreme Court of Kentucky.

March 23, 1995.

Kent Hendrickson, Rice & Hendrickson, Harlan, for appellant.

Johnnie Turner and James M. Kennedy, Buttermore, Turner & Boggs, PSC, Harlan, for appellee Thomas.

Joel D. Zakem, Labor Cabinet—Special Fund, Louisville, for appellee Newberg.

OPINION OF THE COURT

The issue in this workers' compensation case involves the date for determining the benefit rate for retraining incentive benefits awarded to working miners. In that event, there is no date of last exposure. The Administrative Law Judge applied the common practice of determining the rate as of the date the claim is filed when the worker is still employed. The Workers' Compensation Board and the Court of Appeals affirmed.

We are satisfied that the solution reached below is sound. We hereby affirm and adopt the opinion of the Court of Appeals. "BEFORE: HOWERTON, McDONALD, AND SCHRODER, Judges. "HOWERTON, JUDGE. Arch of Kentucky, Inc. petitions for review of a Workers' Compensation Board award of $142.50 per week to James Thomas for retraining incentive benefits (RIB). Arch argues that the benefit rate awarded was the rate for injuries occurring in 1992 and that because Thomas' injuries were sustained in 1991, the 1991 rate should apply. We find no error by the Board and affirm.

"Thomas filed an application for adjustment of claim for coal workers' pneumoconiosis in April of 1992. In his opinion dated November 23, 1992, the Administrative Law

Judge (ALJ) found Thomas was entitled to RIB pursuant to KRS 342.732(1)(a) and awarded RIB at the 1992 rate.

"Arch subsequently filed a motion for reconsideration in which it contended that the award to Thomas should have been at the rate payable for 1991 injuries. It was argued that, because Dr. William Anderson had diagnosed Thomas as having coal workers' pneumoconiosis on September 18, 1991, 1991 should be considered the date of his 'injury.'

"The ALJ denied Arch's petition for reconsideration stating that it was common practice in RIB awards to use the date the claim was filed to fix the rate at which compensation is due. The Board affirmed, rejecting Arch's argument that under the holding of *Maggard v. International Harvester Co.,* Ky., 508 S.W.2d 777 (1974), the law in effect on the date of the injury or the date of last exposure fixes the rights of the claimant.

"KRS 342.732, the statute which sets out the provisions for RIB, reads in pertinent part as follows:

"Notwithstanding any other provision of this chapter, income benefits and retraining incentive benefits for occupational pneumoconiosis resulting from exposure to coal dust shall be paid as follows:

"(a) If the administrative law judge finds that an employee has a radiographic classification of category 1/0, 1/1, or 1/2, based on the latest ILO International Classification of Radiographics, resulting from exposure to coal dust, which is validated by two (2) X-rays and reports of the X-rays which conform to the standards for X-rays contained in subsection (2) of KRS 342.316, he shall award a one (1) time only retraining incentive benefit which shall be an amount equal to sixty-six and two-thirds percent (66⅔%) of the employee's average weekly wage but not more than seventy-five percent (75%) of the state average weekly wage as determined by KRS 342.740, multiplied by fifty percent (50%) and shall be payable for a period not to exceed two hundred and eight (208) weeks.

"Nowhere in the preceding statute does the legislature clearly indicate when the benefit rate for RIB should be determined. It was the ALJ's opinion, however, that it has become 'common practice' in claims involving RIB to use the date of filing of the claim to fix the rate of compensation.

"We have found no cases which directly address this question. The Board believed that *National Mines Corp. v. Pitts,* Ky., 806 S.W.2d 636 (1991), was dispositive of this appeal, but we do not read that case as providing a definitive answer to the question before us. In *National Mines,* the Court held that a subsequent employer at whose mine Pitts was exposed to coal dust would not be held liable for payment of RIB to Pitts where category one pneumoconiosis was present, medical proof was taken, and the claim was filed before he was employed by the subsequent employer. We do not believe this case is authority for the Board's holding that liability for a certain benefit rate attaches when the claim was filed.

"Nevertheless, we do believe that the result reached by both the ALJ and the Board is correct. It seems logical and reasonable that the compensation rate for a RIB award should be that rate payable on the date the claim is filed. The statute is unclear as to what the legislature intended, and in this situation we will give deference to the interpretation of the ALJ and the Board.

"Arch's reliance on *Maggard, supra,* as controlling precedent is misplaced. It is true that *Maggard* stands for the proposition that the law in effect on the date of the injury or the date of last exposure fixes the rights of the claimant. This case is, however, neither an injury case nor a disability case where the employee has quit his job so as to mark a time when he was 'last exposed.' RIB claims involve workers who do not cease working during the time they are drawing these benefits. The compensation received by the worker is used for retraining at the rates charged in the particular year he receives the training. He should not be penalized because he chose not to immediately opt for retraining when he first became aware that he had stage one pneumoconiosis.

"We find no error and affirm the decision of the Workers' Compensation Board.

"ALL CONCUR."

STEPHENS, C.J., and LAMBERT, LEIBSON, REYNOLDS, SPAIN, STUMBO and WINTERSHEIMER, JJ., concur.