## MARTIN COUNTY COAL CORPORATION, Appellant,

v.

**Billy PREECE; John F. Kelley, Jr., Administrative Law Judge; and Workers' Compensation Board, Appellees.**

No. 95–CA–000588–WC.

Court of Appeals of Kentucky.

May 24, 1996.

Case Ordered Published by Court of Appeals June 21, 1996.

As Modified June 21, 1996.

Leo A. Marcum, Lowmansville, for Appellant.

J. Drew Anderson, Prestonsburg, for Appellee Billy Preece.

Before LESTER, C.J., and DYCHE and EMBERTON, JJ.

EMBERTON, Judge.

Martin County Coal Corporation petitions this court for review of a decision of the Workers' Compensation Board rendered February 23, 1995. The Board affirmed the ALJ's opinion and award entered November 29, 1994. Martin County Coal seeks reversal on the basis of two arguments: (1) Preece's claim should have been dismissed for lack of due and timely notice; and (2) benefits, if properly awarded in the first place, should have been based on the 1993 rate. We affirm as to the first argument. However, we agree the benefits were erroneously based upon the 1994 rate and, to that extent, reverse and remand the matter.

Preece worked for Martin County Coal in the company's underground mining operations for twenty-one years. He was last exposed to the hazards of coal dust in Octo-

ber 1993,[1] when he ceased working for Martin County Coal because of a back injury.

Following a chest x-ray taken December 22, 1993, Preece was diagnosed as suffering from pneumoconiosis. The diagnosis was first established by reports of Drs. Wells and Anderson on January 3, 1994, and January 7, 1994. The reports were communicated to Preece and he filed a claim for retraining incentive benefits with the Department of Workers' Claims on January 28, 1994. Notice of that claim was provided to Martin County Coal on February 23, 1994.

■ Martin County Coal contends this notice did not satisfy the requirement of Ky. Rev.Stat. (KRS) 342.316(2)(a). The statute provides that notice "[s]hall be given to the employer *as soon as practicable* after the employee first experiences a distinct manifestation of an occupational disease ... or a diagnosis of such disease is first communicated to him...." KRS 342.190 provides that the notice shall be in writing and sets forth the contents to be included in the notice. The statute states: "The notice may include the claim."

■ The workers' compensation statutes do not preclude treatment of the claim application as the method by which notice may be transmitted to an employer in cases of occupational disease claims. Although a separate written notice, preceding the filing of the claim, may have been contemplated by the legislature and may be the better practice, we see no reason to interpret the statutes as requiring such. A claim application, containing the mandatory information which is timely transmitted to the employer, may in appropriate circumstances satisfy KRS 342.316(2)(a). We are cognizant the notice requirements of the workers' compensation statutes have been strictly enforced. *Special Fund v. Francis*, Ky., 708 S.W.2d 641 (1986). Both the ALJ and the Board focused the inquiry on whether the notice of a distinct manifestation or a diagnosis of the disease was related to the employer "as soon as

practicable" after the occurrence of one of these events rather than the actual vehicle of notice. We agree this is the proper focal point. As noted by the Board, there is no hard and fast time frame within which notice must occur. What is "as soon as practicable" must be determined by the ALJ who considers the specific facts and circumstances on a case by case basis. *See Howell v. Shelcha Coal Company*, Ky.App., 834 S.W.2d 693 (1992).

In this instance, the ALJ found that the notice of Preece's claim was provided to his former employer less than two months after he was first diagnosed as suffering from the disease. Under the circumstances, the ALJ concluded that with the filing of the application and the subsequent notification to the employer of that claim, the "due and timely notice" requirement had been satisfied. *See Peabody Coal Company v. Powell*, Ky., 351 S.W.2d 172 (1961) and *Gregory v. Peabody Coal Company*, Ky., 355 S.W.2d 156 (1962), wherein the filing of claims were deemed sufficient notice to the employer when the claims were filed two weeks (*Powell*) and one month (*Gregory*) after the diagnosis.

Affirming the ALJ's determination that notice was sufficient, the Board cited and relied on *Howell, supra*, which provides:

It has been said that in cases of occupational disease such as pneumoconiosis, as opposed to cases of injury, 'some of the elements which cause the rigid application of the notice requirement may be lacking....' *Harlan Fuel Co. v. Burkhart*, Ky., 296 S.W.2d 722, 723 (1956). This is especially true in a retraining incentive benefit claim since an employer cannot take any action to change the status of an employee whose diagnosis fits within those parameters. Furthermore, while the provisions of the statute mandate that notice be given, the statute should be liberally construed in favor of the claimant to effectuate the beneficent purposes of the Workers' Compensation Act. *Marc Blackburn*

---

1. The parties entered into a number of stipulations at the prehearing conference in this matter. Included in those stipulations are the following:
   (1) Preece's last date of exposure was 10/12/93;
   (2) Preece was last exposed while employed by Martin County;
   (3) Preece had twenty-one years underground exposure; and
   (4) Preece had single exposure.

*Brick Co. v. Yates,* Ky., 424 S.W.2d 814 (1968).

*Id.* at 695.

There was sufficient evidence to support the ALJ's findings. In accordance with the dictates of *Western Baptist Hospital v. Kelly,* Ky., 827 S.W.2d 685 (1992), the Board affirmed the ALJ on this issue and we now affirm the Board.

■ The notice issue having been resolved in Preece's favor, the sole remaining issue is whether the benefits Preece was entitled to should have been based on the rate in effect on the date of his last exposure. The governing rate is purely a legal question based on an application of the law to the undisputed facts. Relying on *National Mines Corporation v. Pitts,* Ky., 806 S.W.2d 636 (1991) and *Arch of Kentucky, Inc. v. Thomas,* Ky., 895 S.W.2d 578 (1995), the Board affirmed the ALJ's conclusion that the rate in effect on the date the claim was filed was applicable.

Unlike the present case, *Pitts* and *Thomas* involved cases where the claimant continued to work after diagnosed and after filing the claim for retraining incentive benefits. In fact, the *Thomas* court recognized the long-standing rule established in *Maggard v. International Harvester Co.,* Ky., 508 S.W.2d 777 (1974), that the law in effect on the date of the injury or the *date of the last exposure* fixes the rights of the claimant. However, the *Thomas* court refused to apply *Maggard* reasoning:

This case is, however, neither an injury case nor a disability case where the employee has quit his job so as to mark a time when he was 'last exposed.'

*Thomas* at 579.

The present case is readily distinguished from *Pitts* and *Thomas* in that Preece has a definitive date of last exposure. Thus, in our opinion, the exception carved out in those cases does not apply. We conclude the view expressed in the Board's dissent is accurate. *Maggard* is controlling precedent under the circumstances of this case.

Therefore, the matter is remanded for entry of an award based upon the rate in effect on October 12, 1993.

All concur.