**GREEN COAL COMPANY, INC., Appellant,**

v.

**Patrick S. RILEY; Hon. Richard Campbell, Administrative Law Judge; and Workers' Compensation Board, Appellees.**

No. 2000–CA–002100–WC.

Court of Appeals of Kentucky.

Sept. 7, 2001.

John C. Morton, Samuel J. Bach, Henderson, for Appellant.

John S. Sowards, Jr., Lexington, for Appellee.

Before GUDGEL, Chief Judge; COMBS and JOHNSON, Judges.

*OPINION*

JOHNSON, Judge:

Green Coal Company, Inc. has petitioned for review of an opinion of the Workers' Compensation Board entered on August 2, 2000. The Board affirmed the decision of the Administrative Law Judge (ALJ), who granted Patrick Riley retraining incentive benefits, due to his contracting category 1/0 or 1/1[1] coal workers' pneumoconiosis. Having concluded that the Board has not overlooked or misconstrued controlling statutes or precedent in ruling that the ALJ applied the appropriate version of KRS[2] 342.732(1)(a) to Riley's claim, we affirm.[3]

Riley was employed as a welder and maintenance foreman by the Green Coal Company from July 11, 1974, to May 3, 1981, and from April 10, 1984, to October 15, 1996. October 15, 1996, was the date of Riley's last exposure to Green Coal's surface coal mining operations. On De-

---

1. There was conflicting expert testimony regarding whether Riley's pneumoconiosis was category 1/0 or 1/1.

2. Kentucky Revised Statutes.

3. *Western Baptist Hospital v. Kelly,* Ky., 827 S.W.2d 685, 687–88 (1992).

cember 18, 1997, Riley filed a claim for retraining incentive benefits (RIB) pursuant to KRS 342.732, alleging he had contracted coal workers' pneumoconiosis as a result of his employment with Green Coal. Expert medical testimony later revealed that Riley had in fact developed category 1/0 or ½ coal workers' pneumoconiosis, due to his exposure to Green Coal's mining operations.

On November 13, 1998, the ALJ, relying on the expert testimony, found that as a result of Riley's condition, he was entitled to a RIB award pursuant to KRS 342.732(1)(a). While Riley's claim was filed after KRS 342.732(1)(a) had been amended on December 12, 1996, the ALJ ruled that since Riley's last injurious exposure had occurred prior to the effective date of the 1996 amendment, his claim was governed by the version of KRS 342.732(1)(a) in effect from April 4, 1994, through December 11, 1996. Therefore, to be eligible for a RIB award, it was not necessary for Riley to prove the respiratory impairment required by the 1996 amended version of KRS 342.732(1)(a) or to be enrolled and actively and successfully participating as a full-time student taking 24 or more instruction hours per week in a bona fide training or education program. On August 2, 2000, the Board affirmed the ALJ's opinion and award. This petition for review followed.

Green Coal's sole claim of error is that the December 12, 1996 amendment to KRS 342.732(1)(a) should have been applied to Riley's claim since Riley did not file his claim until December 18, 1997. Specifically, Green Coal argues:

> Pursuant to the pre-December 12, 1996 version of KRS 342.732, a claimant was not required to submit evidence concerning respiratory impairment to receive a RIB award. Pursuant to the December 12, 1996 amendments to KRS 342.732, a claimant must submit evidence of respiratory impairment in order to receive an award. In light of the fact [that Riley] failed to submit evidence concerning respiratory impairment, his claim must be dismissed if the post December 12, 1996 version of KRS 342.732 controls this claim.

In support of its argument, Green Coal relies almost exclusively on *dicta* from *Breeding v. Colonial Coal Co.*[4] In *Breeding,* our Supreme Court stated:

> It is well settled that the law on the date of filing a claim for RIB controls the applicant's entitlement to the benefit and, therefore, is the law under which the ALJ must reach a decision on the claim. *Arch of Kentucky, Inc. v. Thomas,* Ky., 895 S.W.2d 578 (1995).

Since the above statement from *Breeding* was clearly *dicta,* it is not controlling precedent for the issue before us. Rather, to analyze this statement of the law, we must look beyond *Breeding.* We believe that *Arch,* the case cited by the Supreme Court in *Breeding* as authority for the above rule, is distinguishable from the case *sub judice.*

In *Arch,*[5] the Supreme Court stated:

> It seems logical and reasonable that the compensation rate for a RIB award should be that rate payable on the date the claim is filed....

> Arch's reliance on *Maggard,*[6] *supra* as controlling precedent is misplaced. It is true that *Maggard* stands for the proposition that the law in effect on the date of the injury or the date of last exposure

---

4. Ky., 975 S.W.2d 914, 916 (1998).

5. *Arch, supra* at 579.

6. *Maggard v. International Harvester Co.,* Ky., 508 S.W.2d 777 (1974).

fixes the rights of the claimant. This case is, however, neither an injury case nor a disability case where the employee has quit his job so as to mark a time when he was 'last exposed.' RIB claims involve workers who do not cease working during the time they are drawing these benefits. The compensation received by the worker is used for retraining at the rates charged in the particular year he receives the training. He should not be penalized because he chose not to immediately opt for retraining when he first became aware that he had stage one pneumoconiosis.

Thus, the case *sub judice* is distinguishable from *Arch* in two respects. First, the sole issue in *Arch* was the appropriate benefit rate, whereas the issue before us is Riley's entitlement to a RIB award. Second, in *Arch*, there was no date of last injurious exposure. In the instant case, it is not disputed that Riley was last exposed on October 15, 1996. Accordingly, we do not find either *Arch* or *Breeding* to be controlling in the case before us.

On the other hand, *Whitaker Coal Co. v. Melton*,[7] is analogous to Riley's case. In *Whitaker*,[8] this Court stated:

Although Melton filed his claim after the effective date of the 1996 amendment [to KRS 342.732], the date of his last exposure to the hazards of the disease was [March] 30, 1995. The issue, therefore, is whether the 1996 amendment can be applied retroactively to a claim that arose prior to the effective date of the amendment. KRS 446.080(3) states that: "No statute shall be construed to be retroactive, unless expressly so declared." However, the Courts have consistently held that remedial statutes do not come within the legal conception of a retrospective law or the general rule against the retrospective operation of statutes. *Peabody Coal Co. v. Gossett*, Ky., 819 S.W.2d 33 (1991).

The question, then, is whether the 1996 amendment to KRS 342.732(1)(a) is merely remedial, or is it a retrospective law. In 73 AmJur2d *Statutes* § 354 (1974), it is stated:

A retrospective law, in a legal sense, is one which takes away or impairs vested rights acquired under existing laws, or which creates a new obligation and imposes a new duty, or attaches a new disability, in respect to transactions or considerations already past.

Remedial statutes are statutes which relate to remedies or modes of procedures not creating new or taking away vested rights but only operating in furtherance of a remedy or confirmation of such rights.

. . .

In our opinion, the 1996 amendment to KRS 342.732(1)(a), unlike the 1994 amendment, affects vested rights of claimants and cannot therefore be applied retrospectively without a specific expression by the Legislature of its intent for the provisions to be so applied.

. . .

Applying the 1996 version of the statute to [Melton's] claim would have resulted in no award in that (1) he did not have evidence of the requisite radiographic classification nor degree of breathing impairment and (2) he was not actively enrolled in an approved training program notwithstanding the fact that he

---

7. Ky.App., 18 S.W.3d 361, 363–64 (2000).

8. We take judicial notice of the fact that the Court of Appeals' opinion in *Whitaker*, which quoted in part from the Board's opinion, omitted the Board's citations to *Breeding*.

had left the mining industry, thereby fulfilling one of the purposes of the RIB statute. Therefore, in our opinion, the ALJ did not err in declining to apply the 1996 version of KRS 342.732(1)(a) to Melton's claim in that it would have impaired his vested rights to the benefits to which he was entitled on the date of his last exposure.

Thus, like the claimant in *Whitaker*, we believe Riley had a vested right to a RIB award. On October 15, 1996, the date of his last injurious exposure, Riley qualified for a RIB award, if he met the requirements of the substantive provisions of the law as they stood on that day. Absent express language indicating that the 1996 amendment to KRS 342.732(1)(a) should apply retroactively or a finding that it is remedial legislation, Riley's vested rights cannot be altered. It is therefore immaterial that Riley did not prove the respiratory impairment or his participation in a training program that the 1996 amendment would have required. Accordingly, the ALJ correctly applied the version of KRS 342.732(1)(a) that was in effect at the time of Riley's last injurious exposure.

Green Coal correctly points out that our decision in *Whitaker* rejected the argument that the December 12, 1996 amendment to KRS 342.732(1)(a) was remedial in nature. We now address that issue in further detail.

In *Leeco, Inc. v. Crabtree*,[9] our Supreme Court stated:

As we observed in *Spurlin v. Adkins,* Ky., 940 S.W.2d 900, 902 (1997), the courts have consistently determined that the law in effect on the date of accident controls the amount of income benefits which a worker is entitled to receive and which the defendants may be required to pay for disability caused by a resulting injury. Therefore, an amendment to the law with regard to the amount of an income benefit which occurs after the date of accident is viewed as *substantive in nature, rather than remedial, since it affects the vested rights and responsibilities of the parties* [emphasis added].

As stated earlier, the 1996 amendment to KRS 342.732(1)(a) affected the vested rights of Riley. The amendment was therefore substantive in nature. KRS 342.0015 provides:

*The substantive provisions of 1996 (1st Extra.Sess.) Ky. Acts ch. 1 shall apply to any claim arising from an injury or last exposure to the hazards of an occupational disease occurring on or after December 12, 1996.* Procedural provisions of 1996 (1st Extra.Sess.) Ky. Acts ch. 1 shall apply to all claims irrespective of the date of injury or last exposure, including, but not exclusively, the mechanisms by which claims are decided and workers are referred for medical evaluations. The provisions of KRS 342.120(3), 342.125(8), 342.213(2)(e), 342.265, 342.270(7), 342.320, 342.610(3), 342.760(4), and 342.990(11) are remedial [emphasis added].

Therefore, the Legislature has expressly stated that the substantive provisions of the 1996 amendments are to have a prospective effect only. Accordingly, the 1996 amendments to KRS 342.732(1)(a), being substantive in nature, can only be applied prospectively. Furthermore, KRS 342.732(1)(a) was specifically excluded in KRS 342.0015 from those provisions which were intended to be remedial.

For these reasons, the opinion of the Workers' Compensation Board is affirmed.

ALL CONCUR.

---

9. Ky., 966 S.W.2d 951, 953 (1998).