# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT.  OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

RENDERED: MARCH 25, 2021
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

2020-SC-0226-WC

ARMSTRONG COAL COMPANY, INC. APPELLANT

ON APPEAL FROM COURT OF APPEALS
V.                      NO. 2019-CA-1333
WORKERS' COMPENSATION BOARD NO. WC-14-58566

BRIAN PIPER;                                                APPELLEES
HONORABLE MONICA JO RICE-SMITH,
ADMINISTRATIVE LAW JUDGE; AND
WORKERS' COMPENSATION BOARD

**MEMORANDUM OPINION OF THE COURT**

**<u>AFFIRMING</u>**

Armstrong Coal Company appeals from the Court of Appeals' opinion affirming the Workers' Compensation Board's order that upheld the Administrative Law Judge's (ALJ) amended benefits award to Brian Piper. The ALJ's amended benefits award followed the ALJ's reconsideration of the record after the Court of Appeals affirmed the decision by the Board to vacate the original award and remand the case to the ALJ for a reexamination of the record. In the amended order, the ALJ reversed the finding in the original award and found instead that Armstrong failed to sustain its burden of proving that Piper had a pre-existing, impairment-ratable disability. Upon our review, we find no error in the ALJ's amended award, so we affirm the Court of Appeals' holding.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Brian Piper claimed workers' compensation benefits for a lower-back injury he suffered on May 1, 2014 while working for Armstrong as a roof bolter. Pier was struck by a cable and knocked to the mine floor.

Medical records showed that over the span of about ten months preceding May 1, 2014, Piper had undergone medical treatment for chronic low-back and bilateral knee pain.  During that time span, he continued to work regularly.  In addition to medications prescribed for him during this time, Piper received treatment in the form of a lumbar steroid injection, a facet injection, and radiofrequency neurolysis in the lumbar spine.

After the May 1, 2014, injury at work, Piper's treating physician referred him to Board-certified orthopedist, Dr. Benjamin Burkett, who eventually performed a lumbar discectomy and spinal fusion.  Dr. Burkett's treatment – notes are included in the record of Piper's claim.  Those notes reflect that the work-related injury exacerbated a pre-existing back condition by 80% and expedited the need for surgery.  Dr. Burkett rated Piper's overall impairment post-surgery to be not greater than 20%, with a 10−13% impairment from the herniated disc related to the fall at work.  The doctor also found that Piper could potentially have a 20–23% impairment rating because the work-related injury resulted in surgical fusion but that any additional impairment rating questions would have to be answered by a specialist in occupational medicine and ratings.

Piper submitted the report of Dr. James Butler, a Board-certified occupational-medicine specialist. Dr. Butler found Piper to have an impairment of 20% to the whole body based upon the American Medical Guidelines, (AMA).

Armstrong submitted the report of Dr. Michael Best. Regarding the pre-existing condition, Dr. Best relayed that more information from Piper's medical records predating the work-related injury would "help in determining whether there was a pre-existing active medical condition requiring care treatment." He ultimately opined, however, that Piper had a "20% total impairment with a 13% rating for the pre-existing active condition and 7% as causally related to the May 1, 2014 injury."

The ALJ's initial order concluded that Piper had a pre-existing, active impairment and that he had a total whole-person impairment of 16%, with 80% of the total impairment attributable to the injury he sustained at work for Armstrong. The ALJ explained her finding of the pre-existing condition by relying on his pre-injury medical records, which confirmed that in 2013 Piper suffered lower-back pain for which he took prescription medications and that his first doctor's appointment post injury had been scheduled for pain management before Piper reported his work-related injury.

The ALJ's ultimate 16% impairment rating was primarily based on the medical opinion of Dr. Burkett. The ALJ stated that Dr. Burkett opined

> the work injury resulted in an 80% exacerbation of the pre-existing condition. He opined the work injury amplified . . . the need for surgery. Based on the opinion of Dr. Burkett, the ALJ finds 80% of Piper's 20%

3

> impairment is related to his work injury, which would be a 16% impairment because of the work injury.

The ALJ noted that she found Dr. Best's opinion to be unpersuasive because he admitted the need for more information to determine the degree to which Piper suffered an actively disabling pre-existing condition.

Armstrong appealed the initial award to the Board, arguing the ALJ erred in assigning Piper permanent-partial disability benefits because the 16% whole-person impairment rating was not supported by the record. The Board vacated the award, in part, finding that the ALJ erred in relying on Dr. Burkett's vague language describing the impairment instead of relying on one of the more precise impairment ratings from the other medical experts reporting in the record. The Board remanded the claim to the ALJ for additional findings and a new determination of potential benefits.

Piper appealed the Board's decision to the Court of Appeals, arguing that the ALJ's findings were supported by substantial medical evidence. The Court of Appeals specifically addressed whether the ALJ had erred "in calculating what percentage of Piper's total impairment was attributable to the work injury and what percent was attributable to the pre-existing active condition." The Court of Appeals agreed with the Board and found the ALJ erred in relying on Dr. Burkett's opinion because his language was vague and failed to reference the AMA guides.

In providing guidance to the ALJ on remand, the Court of Appeals explained that the burden of proving a pre-existing condition rests with the employer and that "the ALJ may find Armstrong did not meet its burden of

4

proving a pre-existing active condition." Finally, the Court of Appeals' opinion concluded that the ALJ may make additional findings concerning Piper's pre-existing condition on remand.

Following remand, the ALJ reviewed the existing record and issued an amended order that awarded Piper permanent-partial disability benefits based upon a 20% impairment rating. To support this finding, the ALJ cited to the impairment ratings of Dr. Butler and Dr. Best, who both found Piper suffered a 20% whole-person impairment from the disc herniation and resulting surgical fusion.

Important to Armstrong's present appeal, the ALJ's amended order found the evidence concerning Piper's pre-existing active condition to be lacking and that Armstrong had not met its burden to prove that Piper suffered an actively disabling pre-existing condition at the time of the injury. The ALJ's opinion explained that Piper's records "document a pre-existing symptomatic low back condition, but Armstrong has failed to persuade the ALJ that Piper's pre-existing condition was impairment ratable prior to the May 1, 2014 injury." The amended opinion explained that Piper's doctors in 2013, before the injury, noted pain in Piper's lower back radiating into the hip and leg, but unlike in the original order, the ALJ omitted reference to his first doctor's appointment after the work-related injury as already scheduled for pain management and that Piper was taking prescribed pain medications. The amended order explained the change in findings was due to Dr. Best's lack of definitive answer concerning Piper's pre-existing condition as well as his report that more

5

complete records were needed from 2013 to determine accurately if Piper had a pre-existing condition.

Armstrong appealed to the Board, which affirmed the ALJ's amended order. The Board's opinion reasoned that when the original order was vacated it was no longer binding, that the original Court of Appeals' opinion did not direct the ALJ to rely on Dr. Best's opinion, and that the original Court of Appeals' opinion stated that the ALJ could reconsider if Armstrong had met its burden of proof on the issue of the pre-existing condition. The Board found that the ALJ gave an appropriate analysis, that the decision was based upon the evidence, and that the ALJ acted within her discretion. Finally, the Board found the omitted facts about Piper's 2013 treatments inconsequential because they did not address whether "Piper's condition was impairment ratable prior to May 1, 2014."

Armstrong then appealed to the Court of Appeals, arguing that the Board erred "in concluding its prior opinion vacating part of the ALJ's opinion rendered the entire opinion a legal nullity." Armstrong argued the original order only vacated the ALJ's 16% impairment rating. But the Court of Appeals held that while the remand order stated "vacated in part" it did not specifically state which part and that the Board's original order, when read in its entirety, indicates that the permanent-partial disability award is the only conclusion that would not stand. The Court of Appeals also found that the case was remanded for a determination of additional findings concerning Piper's potential permanent-partial disability award including, but not limited to, a

new impairment rating. The appellate court additionally noted that their original opinion explicitly allowed the ALJ on remand to find that Armstrong failed to meet its burden of proving Piper's pre-existing condition and that Armstrong made no appeal addressing that specific statement. Therefore, the Court of Appeals concluded that neither the Board nor ALJ acted erroneously.

## II. ANALYSIS

### A. The ALJ did not err in reversing an original factual finding on remand.

Armstrong argues the Court of Appeals erred in upholding the Board's decision to affirm the ALJ's amended order that awarded benefits based on a 20% whole-person impairment with no pre-existing active condition. Armstrong asserts the Board's original order "vacating in part" did not nullify the entire original order but only the ALJ's determination that Piper suffered from 16% whole-person impairment. Armstrong also argues the Board erred in failing to address the ALJ's omission of two factual findings suggestive of the fact that Piper suffered from an active pre-existing disability.

We review administrative rulings de novo when the issue presented to us involves questions of law or the interpretation and application of the law to the facts.[1] Because Armstrong contends the ALJ misapplied the law to the facts, we review this principal issue raised by Armstrong de novo, respectfully owing no deference to the tribunals below.

---

[1] *Ford Motor Co. v. Jobe*, 544 S.W.3d 628, 631 (Ky. 2018).

7

Armstrong argues that the ALJ erred when she made a different factual finding on remand because the fact the ALJ changed was not at issue on appeal but instead was only addressed in dictum in the Court of Appeals' original opinion.[2]  We agree with the Court of Appeals opinion that the ALJ did not err on remand, finding no merit in Armstrong's argument that the order "vacating in part" only vacated the ALJ's finding of a 16% impairment rating. Contrary to Armstrong's position, we find that Piper's award of permanent-partial disability benefits was vacated in its entirety by the first appeal because adequate proof of a ratable pre-existing condition was at issue in that appeal.

The Board and the Court of Appeals found error in the ALJ's original order because the ALJ relied on vague testimony by Dr. Burkett to support the impairment rating of 16% and resulting award of permanent partial disability payments to Piper.  The Court of Appeals found the issue on appeal concerned the ALJ's calculation of Piper's total impairment, including what percentage of impairment was attributable to the work-related injury and what percent was attributable to a prior active condition.[3]

In reaching her original decision, the ALJ primarily relied on the testimony of Dr. Burkett to support her findings that Piper suffered a pre-existing condition and that he suffered whole-person impairment of 16%.  But

---

[2] "*Piper 1*" and "original action" will refer to *Piper v. Armstrong Coal Company*, No. 2018–CA–000817–WC, 2018 WL 6721267 (Ky. App. Dec. 21, 2018), which is the Court of Appeals opinion addressing the ALJ's original order.

[3] *Id.* (calculating what percentage of Piper's total impairment was attributable to the work injury and what percent was attributable to the pre-existing active condition).

8

the Court of Appeals found Dr. Burkett's report insufficiently reliable as evidence of overall impairment and sent the case back to the ALJ to consider medical expert evidence of specific impairment ratings in the record. The Court of Appeals also specifically stated that on remand the ALJ may reassess whether Armstrong met its burden of proving Piper suffered from an active pre-existing condition.

We find appropriate the ALJ's factual finding on remand because the entire permanent-partial disability award was vacated, and Piper's pre-existing condition was at issue on remand. Armstrong argues that the order "vacating in part" only nullified the specific finding of the 16% impairment rate. But the Board's remand order stated that the ALJ may make "additional findings, a new determination of an impairment rating subject to the directive that the impairment rating had to be one of three from the record from a physician, and a new award for income benefits." The Board's language is clear that a new determination of benefits was the issue on remand. The Court of Appeals' language similarly made clear that a new determination of benefits would be at issue on remand, and Armstrong did not appeal that statement.[4] Therefore, the entire award of permanent-partial disability was vacated to be considered anew on remand to the ALJ.

---

[4] *See* Kentucky Rules of Civil Procedure (CR) 76.32(1)(c) (providing that if a party wishes to have a statement of law or fact in an opinion modified or extended, the party may request such).

Armstrong additionally argues the Court of Appeals addressed the pre-existing condition in dictum and that the prior factual finding must stand as the "law of the case."[5] We disagree.[6] Piper's pre-existing condition was at issue on appeal because it was a determinative factor in deciding the plaintiff's potential benefits. The ALJ's finding of the pre-existing condition had a direct influence on her 16% whole-person impairment rating, and she relied on Dr. Burkett's language to support both these findings. While not explicitly stated by the Court of Appeals or the Board, reassessing Piper's potential permanent partial-disability award would require that both the finding of Piper's pre-existing condition and the ALJ's determination of the 16% impairment rating be reviewed. The ALJ's original impairment rating was based on her additional finding that Piper suffered a pre-existing condition, as she explained that the 80% exacerbation reduced Dr. Butler's impairment rating of 20% to 16%. So, the ALJ's conclusion in the amended order that Armstrong had not met its burden of proof concerning the existence of Piper's pre-existing condition was proper because it was at issue in determining Piper's potential benefits after the previous permanent partial disability award was vacated.

**B. The amended order properly determined Piper's permanent-partial disability benefits.**

On remand, the ALJ found that Piper had a 20% whole-person impairment attributable to the work-related injury. In the amended order, the

---

[5] *Bowerman v. Black Equip. Co.*, 297 S.W.3d 858, 868 (Ky. App. 2009).

[6] *Williams v. West*, 258 S.W.2d 468, 471 (Ky. 1953) (describing dicta as language not necessary to the determination of the case).

10

ALJ cited as support for her findings the ratings assigned by Dr. Butler and Dr. Burkett.

In reviewing factual findings of administrative proceedings, we must determine if there was substantive evidence of probative value to justify the factual findings.[7]  Substantial evidence is

> such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it is something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.[8]

Similarly stated in workers' compensation cases, the ALJ has full discretion to determine "the quality, character and substance of the testimony presented" and may find a fraction of testimony to be persuasive, but disregard the rest, even from the same witness.[9]

In the case at hand, the ALJ's factual findings were supported by substantial evidence.  The 20% impairment rating was supported by the record, as Dr. Butler's assessment according the AMA Guidelines supported that finding.  On remand, the ALJ was instructed by the Board and the Court of Appeals to rely on impairment ratings as expressed in the record.  And the ALJ did so.  She went on to explain why she disregarded the other impairment ratings, and she elaborated on her findings overall.

---

[7]  *Owens-Corning Fiberglas Corp. v. Golightly*, 976 S.W.2d 409, 414 (Ky. 1998) ("'Substantial evidence' means evidence of substance and relevant consequence having the fitness to induce conviction in the minds of reasonable men.").

[8] *Kentucky State Racing Comm'n v. Fuller*, 481 S.W.2d 298, 307 (Ky. 1972).

[9] *Garrett Mining Co. v. Nye*, 122 S.W.3d 513, 518 (Ky. 2003).

The ALJ explained why she arrived at a different conclusion as to Piper's pre-existing condition on remand. The ALJ explained that the employer has the evidentiary burden to prove the claimant suffers from an active disabling pre-existing condition.[10] The evidence presented must support a finding that prior to the work-related injury, the pre-existing condition was both active and impairment-ratable under the AMA Guidelines.[11]

On remand, the ALJ determined that Armstrong had not met this burden. She explained that while Dr. Best assigned 13% of his total 20% impairment rating, he also acknowledged that he needed more information about Piper's pre-injury medical history to make a definitive determination. Because Dr. Burkett's testimony was found on appeal too vague to rely upon and, as in the original order, the ALJ did not find Dr. Best's testimony to be sufficiently reliable, there was scant medical evidence in the record supporting Armstrong's position that Piper had an actively disabling back condition before he was injured on the job.

While the ALJ's amended order omitted two facts previously mentioned, we, like the Court of Appeals, find those omissions immaterial to the

---

[10] *Finley v. DBM Techs.*, 217 S.W.3d 261, 265 (Ky. App. 2007). We briefly note the difference in the case at hand and *Wetherby v. Amazon.com*, 580 S.W.3d 521 (Ky. 2019) and *Finley*. In *Finley and Wetherby*, the issues raised by the parties dealt with the evidence needed to support an ALJ's finding that a plaintiff's condition was "impairment ratable." Here, the parties argue procedurally that the ALJ could not change her finding on remand and not that the evidence itself was erroneous.

[11] *Id.*

determination of impairment-ratable pre-existing disability.[12]  The ALJ explained that without more evidence addressing Piper's pre-existing condition, it was impossible to say if he suffered from an impairment-ratable low-back impairment.[13]  So the amended order appropriately addressed Piper's pre-existing condition and impairment rating.  Because the ALJ's findings have adequate support in the record, and the ALJ adequately explained them, we find no error.

### III. CONCLUSION

For these reasons we affirm the Court of Appeals' opinion.

All sitting.  All concur.

COUNSEL FOR APPELLANT:

William Edward Messer
Miller Wells PLLC

COUNSEL FOR APPELLEE, BRIAN PIPER:

Ronald Keith Bruce
Bruce Law Firm, PSC

COUNSEL FOR WORKERS' COMPENSATION BOARD:

Michael Wayne Alvey

ADMINISTRATIVE LAW JUDGE:

Honorable Monica Jo Rice-Smith

---

[12] The amended order omitted that Piper was taking pain medications at the time of the work-related injury and his first appointment after the work accident was previously scheduled for pain management.

[13] *Howell v. Shelcha Coal Co.*, 834 S.W.2d 693 (Ky. App. 1992).

13