**AMAX COAL COMPANY, Appellant,**

v.

**Lloyd SMITH, John C. Wells, Custodian of the Special Fund, and Workers Compensation Board, Appellees.**

**John C. WELLS, Custodian of the Special Fund, Appellant,**

v.

**Lloyd SMITH, Amax Coal Company, and Workers' Compensation Board, Appellees.**

Nos. 87–CA–791–S, 87–CA–799–S.

Court of Appeals of Kentucky.

March 18, 1988.

Discretionary Review Denied by Supreme Court May 10, 1988.

Frank N. King, Jr., Henderson, for appellant, Amax Coal Co.

Cathy Utley Costelle, Cyril E. Shadowen, Louisville, for appellant, Special Fund.

Richard Adams, Gerald M. Burns, Adams, Day, Whitfield, Ramey & Burns, Madisonville, for appellee, Lloyd Smith.

Before HOWERTON, C.J., and COMBS and McDONALD, JJ.

HOWERTON, Chief Judge.

Amax Coal and the Special Fund appeal from a judgment of the Muhlenberg Circuit

Court affirming an opinion and award of the Workers' Compensation Board. On March 10, 1986, in a bifurcated proceeding, the board issued an opinion that it had jurisdiction to make an award in this case. The actual award was made on October 27, 1986. The appellants argue that the court and board erred by holding that the extraterritorial coverage provisions in KRS 342.670 were applicable to the claim of Lloyd Smith. We agree and we reverse the judgment of the trial court.

Lloyd Smith became a coal miner in the early 1940's. He worked two years in Pennsylvania, seven years in Ohio, almost five years in Indiana, and the remainder of his time was spent in Kentucky. Smith was employed by Amax in Indiana in May 1968. He worked in an Indiana mine until October 1969 when he was transferred to a Kentucky mine where he worked until December 6, 1979. At that time, Amax sold its Kentucky properties, but Smith was allowed to transfer. He worked in an Amax Indiana mine from December 1979 until his last date of mining employment on April 30, 1983. Although he maintained an apartment in Indiana, it is undisputed that his legal domicile was in Kentucky the entire time he worked for Amax.

Smith filed his workers' compensation claim in Kentucky on February 5, 1985. The first issue resolved by the board, and the issue now raised on appeal, is whether Kentucky has jurisdiction of the claim or whether the claim should be made in Indiana. The applicable statute for determining whether Kentucky has extraterritorial coverage for this claim is KRS 342.670. Subsections (1) and (a) provided in pertinent part as follows:

(1) If an employe, while working outside the territorial limits of this state, suffers an injury on account of which he ... would have been entitled to the benefits provided by this chapter had such injury occurred within this state, such employe ... shall be entitled to the benefits provided by this chapter, provided that at the time of such injury:

(a) His employment is principally localized in this state....

In order to understand whether one's employment is principally localized in Kentucky, we must look further to KRS 342.670(4)(d). Those subsections read as follows:

(4) As used in this section:

....

(d) A person's employment is principally localized in this ... state when:

1. His employer has a place of business in this ... state and he regularly works at or from such place of business, or

2. If subparagraph 1. foregoing is not applicable, he is domiciled and spends a substantial part of his working time in the service of his employer in this ... state....

In the board's opinion on jurisdiction rendered in March 1986, it reasoned that injury under KRS 342.670 includes occupational diseases. Smith developed pneumoconiosis, which is a progressive-type disease. The board concluded, "that at the time of the alleged contracting of the occupational disease, plaintiff's employment was principally localized in the State of Kentucky, within the meaning of the definition of KRS 342.670(4)(d) subparagraph 2, and plaintiff is entitled to extra-territorial coverage under the act."

The board and the Muhlenberg Circuit Court relied in part on the case of *Davis v. Wilson,* Ky.App., 619 S.W.2d 709 (1980). In that case, the Workers' Compensation Board refused to award benefits, but the Bell Circuit Court reversed a portion of the order which had denied extraterritorial coverage. The Court of Appeals affirmed. Wilson, a Kentucky resident, worked for a car crushing operation which worked part-time in Tennessee and part-time in Kentucky. About 20 percent of Wilson's work was performed in Kentucky, but his injury occurred while working in Tennessee. We believe *Davis, supra,* is completely distinguishable from the facts in this case, because Smith worked exclusively in Indiana from December 1979 until April 1983. The question then is shall we further extend the extraterritorial coverage to protect Smith, a Kentucky resident. We hold that we cannot.

The board's decision was based on the fact that Smith spent a substantial part of his working history for his employer in Kentucky. For this reason, it determined that his employment was principally localized in Kentucky. We find this reasoning to be faulty. For one thing, the language of the statutes is expressed in the present tense. KRS 342.670(1) refers to the nature and location and the work "at the time of such injury." Subsection (1)(a) reads "[h]is employment *is* principally localized in this state." (Emphasis added.) Subsection (4)(d)(2) provides that a person's employment is principally localized in this state when "he *is* domiciled and *spends* a substantial part of his working time in the service of his employer in this ... state."

Smith worked exclusively in Indiana after December 1979. His claim was not filed until 1985. We find no such words as "was" or "did" in the statute. We are concerned with where he was at the time of the injury. His employment is principally localized where he *spends* a substantial part of his working time in the service of his employer in this state. The key word is "spends." It does not read "spent" or "did spend."

It may be that Smith's pneumoconiosis was caused by all of his exposure to coal dust and that he sustained many "injuries" while breathing Kentucky coal dust, and coal dust in other states, but we can only conclude that the last injurious exposures were clearly received in Indiana. The disabling effects of the disease did not become disabling until several years after Smith received additional continuous exposure in Indiana. Furthermore, if his claim is to be based on any "injuries" in Kentucky, we would not be attempting to apply Kentucky's extraterritorial coverage. For Kentucky's extraterritorial coverage law to apply to an injury, the injury must occur outside of Kentucky to a Kentucky resident who principally works in Kentucky at the time of the "injury." The exposure and injury did occur outside of Kentucky in Indiana, and we cannot use the previous Kentucky exposure when applying the extraterritorial statute.

Amax further argues that if Smith's claim is based on his Kentucky "injuries,"

KRS 342.316(3) will bar his claim. The statute requires that claims for injuries in Kentucky be brought within three years after they occur. Smith had no Kentucky "injury" after December 1979, and his claim was not filed until 1985. However, because of our decision on the inapplicability of the extraterritorial provisions to this case, we need not decide the issue concerning the statute of limitations.

Smith was hired by Amax under an Indiana contract. He worked for an Indiana employer, and for his last working years, his work was totally and exclusively localized in Indiana. His claim for compensation should be made in Indiana, not in Kentucky.

The judgment of the Muhlenberg Circuit Court is reversed, and this case is remanded for dismissal of the claim.

Further, pursuant to CR 76.15(3)(A), the application of CR 76.20 and CR 76.32, as well as other appropriate rules of civil procedure pertaining to further appellate steps, is reinstated effective the date of this opinion.

McDONALD, J., concurs.

COMBS, J., dissents.