RENDERED: JULY 8, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0900-WC

QUAD/GRAPHICS, INC.                                                         APPELLANT

v.                     PETITION FOR REVIEW OF A DECISION
          OF THE WORKERS' COMPENSATION BOARD
                         ACTION NO. WC-20-00878

ROBERT BARTOLOMEO;
HONORABLE STEPHANIE KINNEY,
ADMINISTRATIVE LAW JUDGE;
AND WORKERS' COMPENSATION
BOARD                                                                      APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  JONES, MAZE, AND TAYLOR, JUDGES.

JONES, JUDGE:  Quad/Graphics, Inc. ("Quad") appeals the decision of the

Workers' Compensation Board ("the Board"), affirming the opinion, award, and

order of the administrative law judge ("ALJ") that awarded Robert Bartolomeo

medical benefits pursuant to KRS[1] 342.020 for work-related hearing loss. After careful review, we affirm.

## I. BACKGROUND

Bartolomeo, who is currently sixty-four (64) years old, began working for Quad in 2013. He was employed as a master electrician and worked primarily on installation and maintenance of printing presses. Prior to his employment at Quad, Bartolomeo worked in electronics and maintenance throughout his entire career. He was exposed to loud noise in various workplaces throughout his lifetime, including during his employment at Quad. Bartolomeo testified that, although he wore ear protection, it did not filter out all the sound.[2] His last day of employment at Quad was March 27, 2020, when he was furloughed due to the COVID-19 pandemic. Bartolomeo filed a Form 103 for a hearing loss claim in June 2020.[3]

Bartolomeo underwent a hearing test at the beginning of his employment with Quad in 2013. The report concluded that Bartolomeo had "a

---

[1] Kentucky Revised Statute.

[2] According to Bartolomeo's deposition testimony, the loudest machine he worked with was an ultra-high speed "MAN Roland" printing press that was installed approximately one and one-half years prior to the end of his employment at Quad.

[3] Bartolomeo also filed claims related to injury to his back, shoulder, and thumbs. Those claims are not on appeal.

hearing loss configuration that is not commonly associated with noise exposure due to the significant hearing loss in the low frequencies. This hearing loss should be evaluated by a physician as it may be correctable." Bartolomeo also underwent hearing tests each year from 2014 – 2018. After filing his hearing loss claim in 2020, Bartolomeo attended a hearing evaluation at the University of Kentucky pursuant to KRS 342.315. A Form 107 was completed by Dr. Raleigh Jones and Dr. Lyndsey Ferrell. In relevant part, the "Yes" box was checked in response to the question, "[i]f applicable, do audiograms and other testing establish a hearing loss compatible with that caused by hazardous noise exposure in the workplace?" The "Yes" box was also checked in response to the question, "[i]f applicable, within reasonable medical probability, is plaintiff/employee's hearing loss related to repetitive exposure to hazardous noise over an extended period of time?" The report concluded that Bartolomeo's whole person impairment ("WPI") as a result of his hearing loss was 7%.

Dr. Jones testified via deposition regarding the findings contained within the report as well as his interpretation of the findings contained in the 2013 hearing test. He stated he believed Bartolomeo was suffering cumulative hearing loss and that work-related noise exposure was the most likely cause. Dr. Jones disagreed with the findings of the 2013 report which stated that the hearing loss was not associated with noise exposure. Dr. Jones also testified that Bartolomeo's

hearing did not get progressively worse from 2013 to 2020 and that little, if any, additional hearing loss occurred during his employment at Quad.

After a hearing, the ALJ found that Bartolomeo sustained injurious exposure to hazardous noise while employed for Quad and that his hearing loss is work related. Because Bartolomeo's impairment rating was 7% as a result of his hearing loss, he was ineligible for income benefits pursuant to KRS 342.7305(2). However, after filing a petition for reconsideration, the ALJ awarded medical benefits for occupational hearing loss pursuant to KRS 342.020, for a period of 780 weeks. Quad appealed to the Board, who affirmed the ALJ. This appeal followed.

## II. STANDARD OF REVIEW

"On appellate review, the ALJ's findings of fact are entitled to considerable deference and will not be set aside unless the evidence compels a contrary finding. *Bullock v. Peabody Coal Co.*, 882 S.W.2d 676 (Ky. 1994). However, the ALJ's and the Board's application of the law are reviewed *de novo*. *Combs v. Gaffney*, 282 S.W.2d 817 (Ky. 1955); *Hardy-Burlingham Mining Co. v. Hurt*, 238 Ky. 589, 38 S.W.2d 460 (1931); *Sears Roebuck & Co. v. Dennis*, 131 S.W.3d 351 (Ky. App. 2004)." *Finley v. DBM Techs.*, 217 S.W.3d 261, 264-65 (Ky. App. 2007).

## III. ANALYSIS

Quad makes three arguments on appeal: (1) the ALJ and the Board relied solely on Bartolomeo's testimony to determine whether he was repeatedly exposed to hazardous noise levels and whether that exposure was injurious; (2) if the presumption of work-relatedness per KRS 342.7305(4) applies, the evidence overwhelmingly rebuts that presumption; and (3) *Greg's Construction v. Keeton*, 385 S.W.3d 420 (Ky. 2012), relied upon by the ALJ and the Board, is not controlling. We disagree.

Quad's first argument is refuted by the record. The ALJ did not rely solely on Bartolomeo's testimony that he was repeatedly exposed to hazardous noise levels and that said exposure was injurious. The ALJ also relied on the deposition testimony of Dr. Jones, who maintained the most likely cause of hearing loss was workplace noise exposure. However, *even if* the ALJ relied only on Bartolomeo's testimony as to the level of noise exposure, it was within her discretion to do so. *Keeton*, 385 S.W.3d at 423, 425. Bartolomeo's testimony was unrefuted by Quad. In fact, although Bartolomeo was deposed prior to the hearing, Quad failed to question him regarding his hearing loss during the hearing before the ALJ. Quad also failed to call any witnesses at the hearing or present deposition testimony on its own behalf regarding the noise levels experienced by Bartolomeo in its facility.

Quad asserts that, because Dr. Jones testified Bartolomeo did not suffer any additional hearing loss during his employment, he should not be compensated for his medical expenses. We disagree. KRS 342.7305(4) states

> [w]hen audiograms and other testing reveal a pattern of hearing loss compatible with that caused by hazardous noise exposure and the employee demonstrates repetitive exposure to hazardous noise in the workplace, there shall be a rebuttable presumption that the hearing impairment is an injury covered by this chapter, and the employer with whom the employee was last injuriously exposed to hazardous noise for a minimum duration of one (1) year of employment shall be exclusively liable for benefits.

The statute unambiguously imposes liability exclusively on the employer with whom the claimant was last injuriously exposed to hazardous noise. The evidence supports the ALJ's finding that Quad was Bartolomeo's last employer, and he was injuriously exposed to hazardous noise as part of his job duties. Neither KRS 342.7305(4) nor *Keeton* require Bartolomeo to prove his last employment caused any additional hearing loss. In fact, *Keeton* explains that "the final clause of KRS 342.7305(4) does *not* require a worker to prove that the last employment caused a measurable hearing loss. It refers to the type of exposure to hazardous noise that would result in a hearing loss if continued indefinitely." *Keeton*, 385 S.W.3d at 425.

Turning to Quad's second argument, we agree with the ALJ that the rebuttable presumption in KRS 342.7305(4) is applicable upon proof of: (1) a

-6-

pattern of hearing loss compatible with that caused by hazardous noise exposure, and (2) an employee's demonstration of repetitive exposure to hazardous noise in the workplace. If established and unrebutted, liability is exclusively assigned to the employer with whom the employee was last injuriously exposed to hazardous noise. Here, the ALJ found the rebuttable presumption applicable because Bartolomeo's audiograms showed a pattern of hearing loss compatible with that caused by hazardous noise exposure, and this was consistent with the pattern typical of long-term exposure to occupational hazardous noise. Bartolomeo made the two required showings, neither of which was rebutted by Quad. Quad was the last employer. As such, it is immaterial under the statute or *Keeton* whether Bartolomeo suffered any additional measurable hearing loss while employed at Quad.

Turning to Quad's final argument, we note that it is just one paragraph in length and simply states that *Keeton* is not controlling because the case at bar is limited to entitlement of future medical benefits. Quad does not point to any caselaw that it does deem controlling. Moreover, the arguments made by the employer in *Keeton* mirror those made by Quad and the same statutes are applicable. In *Keeton*, the Court held, in relevant part,

> we conclude that KRS 342.0011(4) defines the term [injurious exposure] not only with respect to a disease but also for the purpose of KRS 342.7305(4). Contrary to what Greg's would have us conclude, the final clause of

-7-

KRS 342.7305(4) does not require a worker to prove that the last employment caused a measurable hearing loss. It refers to the type of exposure to hazardous noise that would result in a hearing loss if continued indefinitely.

Consistent with the practical reality that workers change jobs, sometimes frequently, as well as the medical realities that noise-induced hearing loss develops gradually and that audiometric testing is based to some degree on the worker's subjective responses, KRS 342.7305(4) imposes liability on the last employer with whom the worker was injuriously exposed to hazardous noise. Like KRS 342.316(1)(a) and KRS 342.316(10), KRS 342.7305(4) bases liability solely on the fact that the employment involved a type of exposure known to be injurious, *i.e.*, a repetitive exposure to hazardous noise.

The claimant worked as a heavy equipment operator for nearly 35 years and testified that he was exposed to loud noises throughout his career, including his work with Greg's. Nothing tended to disprove his testimony, such as evidence that heavy equipment operation did not involve an injurious exposure to hazardous noise[.]

*Keeton*, 385 S.W.3d at 425. We do not agree with Quad that the legal holdings expressed by the Court in *Keeton* should be limited based on the type of relief available to the claimant.

In sum, we conclude that *Keeton* is controlling. The ALJ correctly applied the law, as interpreted in *Keeton*, to the facts of this case. As such, the Board correctly affirmed the ALJ.

## IV. Conclusion

For the reasons set forth above, we affirm the Kentucky Workers' Compensation Board's July 9, 2021, opinion.

ALL CONCUR.

BRIEF FOR APPELLANT:

Jo Alice Van Nagell
Brian W. Davidson
Lexington, Kentucky

BRIEF FOR APPELLEE ROBERT BARTOLOMEO:

W. Gerald Vanover
London, Kentucky