RENDERED: OCTOBER 23, 2025
TO BE PUBLISHED

# Supreme Court of Kentucky

2024-SC-0571-WC

KENTUCKY EMPLOYERS' MUTUAL INSURANCE          APPELLANT

V.

ON APPEAL FROM COURT OF APPEALS
NO. 2024-CA-0552
WORKERS' COMPENSATION BOARD
NO. WC-21-01628

CLAS COAL CO., INC.; HONORABLE          APPELLEES
TONYA CLEMONS, ADMINISTRATIVE
LAW JUDGE; TROY STIDHAM; AND
WORKERS' COMPENSATION BOARD

**OPINION OF THE COURT BY JUSTICE KELLER**

**<u>AFFIRMING</u>**

Kentucky Employers' Mutual Insurance ("KEMI") appeals the decision by the Kentucky Court of Appeals ("Court of Appeals") upholding the Workers' Compensation Board's ("Board") finding that Kentucky has jurisdiction over a claim by Appellee Troy Stidham ("Stidham") for work-related hearing loss. While Stidham had been exposed to loud noise working for Clas Coal Company, Inc. ("Clas Coal") for over sixteen years in Kentucky, his final nine months of loud noise exposure came while working in Alabama. For the reasons set out below, we affirm the decision by the Court of Appeals which affirmed the Board's decision to uphold the ALJ's finding that the injury occurred on

January 1, 2020, that the injury occurred in Kentucky, and that Kentucky therefore has jurisdiction over Stidham's claim.

## I.      FACTUAL AND PROCEDURAL BACKGROUND

Between September 1, 2003, and February 3, 2020, KEMI had issued a workers' compensation insurance policy to Clas Coal. During this same time frame, Stidham was employed by Clas Coal for sixteen years and one month. In the course of employment with Clas Coal, he worked in a coal mine in Pike County, Kentucky, up until the time that mine closed. His last day working in Kentucky was January 1, 2020. Following the Kentucky mine closure, Stidham continued to work for Clas Coal but had to relocate his work to Alabama. He worked in Alabama for a total of nine months before his retirement from the workforce on October 31, 2020. In both Kentucky and Alabama, Stidham worked mostly as a shuttle car operator, during which time he was constantly exposed to continuous loud noise from the conveyor belt.

Despite using hearing protection every day at work, Stidham began noticing problems with his hearing around 2018 or 2019. He noticed hearing difficulties the most when other people were talking. On August 31, 2021, Dr. Robert Manning, an audiologist in Kentucky, first diagnosed Stidham with hearing loss. Dr. Manning assessed an eight percent whole person impairment to Stidham from hearing loss consistent with long-term exposure to loud noise. Prior to this date, Stidham had never been treated for hearing loss.

On November 11, 2021, Stidham filed workers' compensation claims against Clas Coal for hearing loss and coal workers' pneumoconiosis, listing his

2

date of last exposure as January 1, 2020, the date he last worked in Kentucky. KEMI objected to Stidham's claims, arguing in part that Stidham's date of last exposure was October 31, 2020, the date that he retired in Alabama.

Stidham was seen by Dr. Brittany Brose, Au.D., a clinical audiologist and the University Evaluator, on February 10, 2022. Dr. Brose diagnosed Stidham with hearing loss greater than typical for his age and opined that the loss stemmed from work-related repetitive exposure to hazardous noise over an extended period of time. Dr. Brose assessed a nine percent whole person impairment rating. Dr. Brose later testified at a deposition that she would not expect that level of impairment to result from seven months in an underground coal mine but instead expected it to be caused from much longer exposure.

Dr. Daniel Shumaier evaluated Stidham at the request of Clas Coal on March 28, 2022. Dr. Shumaier assessed a five percent whole person impairment rating stemming from hearing loss due to his long-term exposure from mining.

A hearing was held before an ALJ on August 22, 2023. The ALJ issued its Opinion, Award, and Order on October 19, 2023, dismissing Stidham's coal workers' pneumoconiosis claim but granting Stidham's hearing loss claim based on a nine percent whole person impairment rating. The ALJ found that Kentucky had jurisdiction over Stidham's hearing loss claim, accepting Stidham's contention that January 1, 2020, the last day that Stidham worked for Clas Coal in Kentucky, was the date of injury. The ALJ noted that Kentucky Revised Statute ("KRS") 342.7305(4) "creates a rebuttable

3

presumption that the employer with whom the employee was last injuriously exposed to the hazardous noise for a minimum duration of one year shall be exclusively liable for benefits" and found that "[w]hile Stidham may have worked for Defendant Clas [Coal] for nine months in Alabama, there is no evidence to contradict the fact Defendant Clas [Coal] in Kentucky was the last employer for whom Stidham was last injuriously exposed to the hazard for a minimum duration of one year." Because the ALJ found that Stidham worked for a Kentucky employer when his hearing loss statutorily manifested, Kentucky's extraterritorial jurisdiction under KRS 342.670 was inapplicable to the facts at hand.

Both parties moved for reconsideration. In denying these motions, the ALJ explained that she found testimony from Dr. Brose that Stidham's noise induced hearing loss "came from a much longer period than approximately seven months of exposure," and that the "seven-to-nine month period Stidham was allegedly exposed to noise in the workplace after January 1, 2020, was inconsequential," persuasive.

KEMI appealed the ALJ's orders finding KEMI liable for Stidham's hearing loss to the Board, arguing that Kentucky lacked jurisdiction over Stidham's hearing loss claim because Stidham's last injurious or hazardous exposure to noise was in Alabama. The Board affirmed the ALJ's October 19, 2023, Opinion, Award and Order and November 20, 2023, Order on Petition for Reconsideration, explaining that KRS 342.670, the statute guiding extraterritorial coverage, does not apply to Stidham's claims of hearing loss

4

incurred while working in Kentucky. The Board further noted that "[w]ork-related noise-induced hearing loss is a form of cumulative trauma injury as defined by [KRS 342.0011(1)]," and "the start date for liability" may be "[t]he date symptoms or disability arise." Relying on the medical experts' opinions that the hearing loss occurred from repeated exposure to loud noise over a long period of time and Stidham's testimony that his symptoms began four or five years prior to his hearing in August 2023, the Board found that "the ALJ was entitled to reach the reasonable inference that as of January 1, 2020, the hearing loss is compensable." The Board highlighted that "[n]o physician has stated the short duration of work in Alabama caused a worsening of his condition." The Board further stated, "The 2018 law amendment to KRS 342.7305(4) imposed a one-year working requirement with an employer before that employer could be exclusively liable to pay benefits," and noted that any case law issued before the 2018 amendment was irrelevant because the statute specifically addressed the scenario at hand. The Board concluded, "KEMI was the insurer for Clas on the date of loss as found by the ALJ, hence, it is the carrier at risk. The ALJ found that Stidham had a compensable hearing loss claim when he last worked in Kentucky and substantial evidence supports that finding."

KEMI appealed to the Court of Appeals, arguing that Kentucky jurisdiction over Stidham's occupational hearing loss claim is improper and that his injury date was on October 31, 2020, Stidham's last date of employment in Alabama. The Court of Appeals affirmed the Board's decision,

5

explicitly finding that extraterritorial coverage pursuant to KRS 342.670 was inapplicable here because Stidham worked for a Kentucky company when his cumulative hearing loss injury manifested. The Court of Appeals held that the Board did not commit reversible error by accepting the ALJ's finding that the injury manifested on January 1, 2020, in light of the language in KRS 342.7305(4) and expert testimony that Stidham's exposure to hazardous noise in Alabama was "inconsequential" to Stidham's pattern and level of hearing loss. The Court of Appeals further held that the date of diagnosis does not necessarily equal the date the injury became manifest, and the fact that Stidham had not been diagnosed until after working in Alabama does not mean that his injury was not manifest prior to working in Alabama. This appeal followed.

Further facts will be developed below as necessary.

## II.     STANDARD OF REVIEW

The Court of Appeals conducts a review of the Board's findings with the purpose of "correct[ing] the Board only where the Court perceives the Board has overlooked or misconstrued controlling statutes or precedent, or committed an error in assessing the evidence so flagrant as to cause gross injustice." *W. Baptist Hosp. v. Kelly*, 827 S.W.2d 685, 687–88 (Ky. 1992). Further review by this Court of the decisions by the Court of Appeals and the Board is meant "to address new or novel questions of statutory construction, or to reconsider precedent when such appears necessary, or to review a question of constitutional magnitude." *Id.* at 688.

6

As to questions of fact, "the ALJ, not this Court and not the Board, has sole discretion to determine the quality, character, and substance of the evidence." *Abbott Lab'ys v. Smith*, 205 S.W.3d 249, 253 (Ky. App. 2006). However, "we are bound neither by an ALJ's decisions on questions of law or an ALJ's interpretation and application of the law to the facts. In either case, our standard of review is *de novo.*" *Bowerman v. Black Equip. Co.*, 297 S.W.3d 858, 866 (Ky. App. 2009). The manifestation date of an injury as it relates to a worker's compensation claim is a question of fact to be decided by the ALJ. *Ford Motor Co. v. Duckworth*, 615 S.W.3d 26, 33 (Ky. 2021).

### III.   ANALYSIS

On appeal to this Court, the parties do not dispute that Stidham's hearing loss came from long-term exposure to noise encountered in his employment with Clas Coal. Instead, the parties dispute when the manifestation date of Stidham's injuries occurred for the purposes of determining whether KEMI was the carrier on the risk at the time of injury and, relatedly, whether Kentucky had jurisdiction over Stidham's claims. Generally, Kentucky has jurisdiction over injuries which happen inside its borders. *See* KRS 342.670 (extending jurisdiction to injuries which occur beyond Kentucky's borders in certain situations). To determine jurisdiction over a workers' compensation claim, we must first determine *when* the injury occurred, and then *where* the injury occurred.

KEMI contends that the date of injury was either the date of last exposure to hazardous noise (i.e., October 31, 2020) or the date Stidham was

7

first diagnosed with hearing loss (i.e., August 31, 2021), while Stidham asserts that his date of injury was the date he was last injuriously exposed to hazardous noise in Kentucky at a mine operated by Clas Coal (i.e., January 1, 2020).

KEMI argues that jurisdiction over hearing loss claims is determined by the date of last exposure to hazardous noise. In support, KEMI cites to *Hale v. CDR Operations, Inc.*, 474 S.W.3d 129, 138 (Ky. 2015), for *Hale*'s proposition that "in hearing loss and occupational disease claims—which are quite similar in nature to cumulative trauma because they occur gradually over time—the employer at the time of the last injurious or hazardous exposure is liable." However, the statutory basis for which *Hale* relies in making this proposition has since been amended in a material way, limiting *Hale*'s applicability to the facts at hand. In support of the above quoted statement, *Hale* cited KRS 342.7305(4), which at the time read:

> When audiograms and other testing reveal a pattern of hearing loss compatible with that caused by hazardous noise exposure and the employee demonstrates repetitive exposure to hazardous noise in the workplace, there shall be a rebuttable presumption that the hearing impairment is an injury covered by this chapter, and the employer with whom the employee was last injuriously exposed to hazardous noise shall be exclusively liable for benefits.

KRS 342.7305(4) was amended in July 2018 to add the following bolded language:

> When audiograms and other testing reveal a pattern of hearing loss compatible with that caused by hazardous noise exposure and the employee demonstrates repetitive exposure to hazardous noise in the workplace, there shall be a rebuttable presumption that the hearing impairment is an injury covered by this chapter, and the

8

employer with whom the employee was last injuriously exposed to hazardous noise **for a minimum duration of one (1) year of employment** shall be exclusively liable for benefits.

(emphasis added). This language undeniably alters *Hale*'s holding that "the employer at the time of the last injurious or hazardous exposure is liable," *Hale*, 474 S.W.3d at 138, and instead replaces it with a rebuttable presumption that the last employer with whom a hearing loss claimant had been employed for at least a year while being exposed to hazardous noise shall be liable. This is a clear directive guiding when the hearing loss injury is statutorily deemed to occur for liability purposes. Therefore, authority relying on the previous version of KRS 342.7305(4) or issued before the July 2018 amendment is of limited guidance. Nevertheless, what we *can* still glean from *Hale* is that KRS 342.7305(4)'s language instructs us on when we are to find that an injury has occurred for liability purposes, even if the specific guidance has changed. In 2015, when *Hale* was written, we took the language of KRS 342.7305(4) to mean that an injury has occurred on the date of the last exposure. With the updated language of KRS 342.7305(4), we now add the requirement that the employee be injuriously exposed for a year while under the same employer before finding that employer liable.

KEMI asserts that the amendments to KRS 342.7305(4) are merely for determining liability between multiple employers, but that the statute does not affect jurisdiction because it does not determine when injury occurs. Ironically, authority KEMI cites to support this assertion — *Hale*, 474 S.W.3d at 138 — relies on the predecessor version of KRS 342.7305(4) for finding that

9

injury occurred at last exposure.  Amendments to KRS 342.7305(4) make the basis for this proposition obsolete.

As the Board pointed out in its Opinion Affirming the ALJ,

The 2018 law amendment to KRS 342.7305(4) imposed a one-year working requirement with an employer before that employer could be exclusively liable to pay benefits. To disregard the wording and intent of this law because Stidham was transferred out-of-state and worked for a short period of time is illogical. We note Clas [Coal] would be liable if Stidham switched employers within the state but ceased working within one year. This would be true even if he continued to be repetitively exposed to injurious workplace noise at the new employer. Hence, the thrust of [Clas Coal's] argument regarding the manifestation date would not shield them in that scenario.
. . . .
The parties stipulated Stidham worked in Alabama for just nine months.  Clas [Coal] was the employer when Stidham worked the previous 16 years in Kentucky and then in Alabama for nine months.  Therefore, any other employer that Stidham would have begun employment with in 2020 could not be held liable for hearing loss since he retired within one year.  The fact that Stidham remained employed by Clas [Coal], a Virginia company no longer principally localized in Kentucky, does not shield them from liability, as Stidham had a compensable claim when he last worked in Kentucky.

We agree.  "The ALJ, as the finder of fact, and not the reviewing court, has the sole authority to determine the quality, character, and substance of the evidence." *Square D Co. v. Tipton*, 862 S.W.2d 308, 309 (Ky. 1993) (citing *Paramount Foods, Inc. v. Burkhardt*, 695 S.W.2d 418 (Ky. 1985)).  To overturn the factual findings of the ALJ, a reviewing court must find that the ALJ's findings are not supported by substantial evidence. *Wolf Creek Collieries v. Crum*, 673 S.W.2d 735, 736 (Ky. App. 1984).  Here, the ALJ weighed the evidence and determined that Stidham was injured as of January 1, 2020.  The ALJ reached this conclusion by considering testimony from Stidham regarding

10

his onset of symptoms, testimony from physicians that his pattern of hearing loss was a result of long-term exposure to noise, testimony from Dr. Brose that the short time that Stidham worked in Alabama was inconsequential to his hearing loss, and the lack of testimony from a physician stating that Stidham's time in Alabama caused his hearing loss to worsen. Here, the ALJ's findings are supported by substantial evidence in the record, and we must therefore uphold the Court of Appeal's decision affirming the Board's decision which upheld the ALJ's finding that Stidham was injured on January 1, 2020. KEMI's contention that the Court of Appeals applied the injury date of January 1, 2020, solely because it was the date Stidham selected on his application for benefits, overlooks the great weight of the evidence supporting such a finding.

Nevertheless, KEMI argues that KRS 342.670 and *Hicks v. Kentucky Employers' Mutual Insurance Co.*, 686 S.W.3d 215 (Ky. 2024), are controlling, and that extraterritorial coverage must be satisfied before Kentucky can exercise jurisdiction over Stidham's claims. KRS 342.670, the statute guiding extraterritorial coverage, guides instances in which Kentucky can retain jurisdiction although the **injury occurred in a different state**. Simply put, as discussed above, KRS 342.7305(4) guides us to affirm the ALJ's finding that the **injury occurred in Kentucky**, so extraterritorial coverage under KRS 342.670 is inapplicable. *See Amax Coal Co. v. Smith*, 748 S.W.2d 158, 160 (Ky. App. 1988) ("KRS 342.670(1) refers to the nature and location and the work at the time of such injury. . . . For Kentucky's extraterritorial coverage law to apply to an injury, the injury must occur outside of Kentucky to a Kentucky

11

resident who principally works in Kentucky at the time of the 'injury.'"); *Coal Dust Coal Co. v. Stiltner*, 905 S.W.2d 859, 861 (Ky. 1995) (holding that disabilities "proven to have existed" prior to leaving employment in Kentucky do not implicate KRS 342.670).[1]

*Hicks*, a case holding that extraterritorial coverage did not apply to injuries sustained in West Virginia, is likewise distinguishable from the facts at hand because, again, the injury occurred in a different state. 686 S.W.3d at 218. Hicks worked in Kentucky from 1996 until August 2017, at which time he continued to work for the same company but in West Virginia. *Id.* Hicks worked in West Virginia until he was acutely injured in West Virginia on January 10, 2019. *Id.* While Hicks included a claim for cumulative hearing loss, the parties agreed that Hicks was injured in West Virginia, and this was never debated. *Id.* at 221. Instead, the principal issue was whether Hicks' employment was "principally localized" in Kentucky so as to place him under the purview of the extraterritorial statute. *Id.* That is a separate issue than the

---

[1] KEMI takes issue with the Court of Appeal's usage of *Stiltner*, claiming that the fact that Stiltner was diagnosed prior to starting his job in another state and that Stiltner switched employers somehow differentiates *Stiltner* from the case at hand. While Stidham was not diagnosed until after his employment in Alabama ended, the ALJ found, based on medical testimony, that the weight of the evidence proved that Stidham's injury manifested during his Kentucky employment. No medical testimony refutes that finding. *Stiltner* differentiated between injuries which occurred outside of Kentucky and "disabilit[ies] proven to have existed at the time [the claimant] left [the Kentucky company]'s employ." 905 S.W.2d at 861. This language does not require a diagnosis be made prior to employment elsewhere. The fact that Stiltner switched employers was also inconsequential to determining where the injury occurred and is only relevant insofar as it is meaningful in determining whether a company is "principally localized" in Kentucky, a quandary not at issue here.

12

one before us, where the injuries occurred in Kentucky. *Hicks* is therefore of little guidance to the case at hand.

We will now address KEMI's other assertions. While KEMI is correct in its statement that "[j]urisdiction is a threshold issue that must be resolved before assessing compensability," Kentucky has jurisdiction here because the injury occurred here. *See Letcher Cty. Bd. of Educ. v. Hall*, 671 S.W.3d 374, 379 (Ky. 2023). Thus, an analysis of compensability is not premature. Cases such as *Amax Coal Co.*, 748 S.W.2d 158, and *Eck Miller Transportation Corp. v. Wagers*, 833 S.W.2d 854 (Ky. App. 1992), which do not address hearing loss claims, provide limited instruction to us on when a hearing loss injury occurs because the timing of hearing loss injuries for liability purposes is guided by its own statute, KRS 342.7305(4). These cases are further distinguishable because *Amax Coal Co.*, 748 S.W.2d 158, concerned a factual situation in which evidence of disability did not manifest until after the claimant started working in another state (whereas here, Stidham experienced hearing loss symptoms prior to working in Alabama), and *Wagers*, 833 S.W.2d 854, dealt with an acute injury in another state. In both cases, there was no evidence that the injury had manifested in Kentucky. Stidham's arguments relating to whether Stidham's employment was principally localized in Kentucky are also irrelevant because they mistakenly assume that the time of injury was when Stidham was working in Alabama, not when he was working in Kentucky. Contrary to KEMI's assertions, *Alcon Foil Products v. Huff*, 2 S.W.3d 96, 101 (Ky. 1999), does not address when a cumulative injury manifests in relation to when a

13

worker is diagnosed but rather, it discusses when discovery of the injury has occurred for purposes of the statute of limitations. The date a claimant is deemed to have notice and the clock begins to run for statute of limitation purposes is distinct from the date of injury for liability purposes.[2] *Compare Duckworth*, 615 S.W.3d at 32 ("[F]or cumulative trauma injuries, the obligation to provide notice arises and the statute of limitations does not begin to run until a claimant is advised by a physician that he has a work-related condition."), *with Am. Printing House for the Blind v. Brown*, 142 S.W.3d 145, 148 (Ky. 2004) (declining the invitation to find that the date of injury is the same for notice and liability purposes and instead holding that injury occurred for liability purposes when claimant first developed symptoms). While KEMI cites to *Brown* for its correct assertion that symptoms alone, without a diagnosis, are not enough to establish a work-related cumulative trauma injury, the same case also makes clear that KEMI goes too far in claiming that the date of manifestation does not occur until the date of diagnosis. 142 S.W.3d at 148–49 (holding that the injury manifested when claimant initially reported symptoms to her employer even though this was prior to a diagnosis by the physician).

It is important to note that, contrary to what the Court of Appeals implies in their Opinion, KRS 342.7305(4) merely creates a rebuttable presumption

---

[2] KEMI's use of *Special Fund v. Clark*, 998 S.W.2d 487 (Ky. 1999), also conflated the date the claimant was on notice for limitation purposes with the manifestation date of the injury for liability purposes.

that "the employer with whom the employee was last injuriously exposed to hazardous noise for a minimum duration of one (1) year of employment shall be exclusively liable for benefits." This means that, should the weight of the evidence dictate otherwise, the ALJ may determine that liability falls with an employer other than the last employer with whom the claimant was employed while being injuriously exposed to hazardous noise. This was not the case here. KRS 342.7305(4)'s one-year exposure rule created a rebuttable presumption that the injury occurred while working for Clas Coal in Kentucky, and the factual weight of the evidence not only fails to overcome this presumption but, in fact, provides additional support for upholding the ALJ's finding that the injury manifested in Kentucky.

Lastly, what constitutes as an injurious exposure is not changed by the amendments to KRS 342.7305(4), which merely added that the injurious exposure should be "for a minimum duration of one (1) year of employment" before the statutory presumption is triggered. KRS 342.0011(4) defines "injurious exposure" as "exposure to occupational hazard which would, independently of any other cause whatsoever, produce or cause the disease for which the claim is made." To the extent that *Greg's Construction v. Keeton*, 385 S.W.3d 420, 425 (Ky. 2012), interprets "injurious exposure," the statutory amendments did not alter those holdings. In *Keeton* we said, "the final clause of KRS 342.7305(4) does not require a worker to prove that the last employment caused a measurable hearing loss. It refers to the type of exposure to hazardous noise that would result in a hearing loss if continued

15

indefinitely." However, this was before the statutory amendment added the one-year durational language. What we are left with now after the amendment is that, before the presumption is triggered, the worker was exposed to hazardous noise that would result in a hearing loss if continued indefinitely **for a minimum of one year employment**. KEMI makes a logical fallacy when it asserts that "under *Keeton*, the relevant question is whether the worker's last exposure, regardless of its length, meets the statutory definition of 'injurious exposure.'" The only way to overcome the statutory presumption in KRS 342.7305(4) is to find that the **injury**, not an injurious exposure, actually occurred at a different point in time than that which is statutorily presumed. That was not the case here.

## IV. CONCLUSION

In sum, the ALJ found that Stidham's hearing loss injury occurred on January 1, 2020. This finding was supported by substantial evidence, and the Court of Appeals was correct in affirming the Board's decision upholding the ALJ. Because Stidham's injury occurred while he was employed by Clas Coal in Kentucky, Kentucky has jurisdiction over Stidham's hearing loss claim. Because KEMI was the insurer for Clas Coal on January 1, 2020, it is the carrier at risk on Stidham's hearing loss claim. Thus, for slightly different reasoning, we affirm the Court of Appeals.

All sitting. All concur.

16

COUNSEL FOR APPELLANT, KEMI:

Barry Lewis
Lewis & Lewis Law Offices

COUNSEL FOR APPELLEE, CLAS COAL CO., INC.:

Edward Lee Jones

COUNSEL FOR APPELLEE, TROY STIDHAM:

Ronnie Merel Slone

ADMINISTRATIVE LAW JUDGE:

Hon. Tonya Clemons

WORKERS' COMPENSATION BOARD:

Michael Wayne Alvey, Chairman